CASE 49—PETITION ORDINARY—SEPTEMBER 21.

# Harris vs. Moberly.

### APPEAL FROM MADISON CIRCUIT COURT.

1. When the statute of limitations is pleaded as a bar to an action under the Civil Code (*secs*. 116, 117, 153), matters in avoidance may be relied on and proven, without a reply.

2. *The allegation of new matter*, not relating to a counter-claim or set-off, in an answer or reply, is to be deemed, under the Code (*sec*. 153), to be controverted by the adverse party, as upon a direct denial, or avoidance, as the case may require.

3. A reply is allowed only to a counter-claim or set-off, and to no other pleading; and all other allegations of new matter are to be treated as controverted by a direct denial by the adverse party without further pleading; and on the issue thus formed, any competent evidence pertinent to that issue is admissible. (*Civil Code, secs.* 116, 117, 153.)

4. "A surety in an obligation or contract, other than those provided for in the next two preceding sections, shall be discharged from all liability thereon, when seven years shall have elapsed *without suit thereon*, after the cause of action accrued." (*Rev. Stat., sec*. 14, *chap*. 97, 2 *Stant.*, 400.)

   Proving and filing a note with the master commissioner, in an action by the administrator of the estate of the principal in the note, against his heirs. &c., for settlement and *pro rata* distribution, without taking the steps necessary to recover judgment on the note, *cannot be regarded as a suit*, and will not prevent the bar as above provided, not even if the note was so filed, at the request of the surety. (*Kellar vs. Sinton's ex'r*, 14 *B. Mon.*, 306.)

S. TURNER,                                        For Appellant,

CITED—

*Rev. Stat., sec.* 14, 2 *Stant.*, 400; *sec.* 33, 1 *Ib.*, 509.
*Civil Code, secs.* 465, 468, 472.

BURNAM & CAPERTON and
W. C. GOODLOE,                              For Appellee,
CITED—
*Rev. Stat.*, sec. 14, *chap.* 97.
*Civil Code*, secs. 465, 467, 468, 469 *to* 472.
*Act of May* 20, 1861, *Myers' Sup.*, 133.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought against appellant alone on a note executed by him and others to appellee; and the defense relied upon is, that he was the surety of Joseph Rhodus, who was the principal debtor; that said note matured the first of January, 1860, when the cause of action accrued to appellee; but that no action had been brought to coerce the payment of said debt until the institution of this suit, when more than seven years had elapsed from the accrual of the cause of action, and he was, therefore, by virtue of the statute, discharged from all liability for the debt.

A verdict having been found against appellant, the judgment, which was rendered in conformity thereto, he now seeks to reverse.

On the trial, appellant proved that he was surety only for the debt, and it appeared that more than seven years had elapsed from the maturity of the note before the action was brought; but on his motion, appellee was permitted to introduce, as evidence on the trial, the record of an action brought by the administrator of Rhodus, the principal debtor, against his heirs and creditors, in which appellee had presented his note as evidence of his claim against the estate of the intestate, verified, which his attorney contends is a suit thereon within the meaning of the statute, and prevents the bar; but, on the other side, it is contended, that

even if the evidence was otherwise competent, that it was improperly admitted without a reply to the plea of the statute, or some other pleading on the part of appellee, setting forth facts sufficient to authorize the admission of the record.

Before the adoption of the *Civil Code*, when the statute of limitation was pleaded as a bar to an action, it was necessary to plead matter in avoidance of the statute by way of replication, and such was the practice; but by the adoption of the *Civil Code*, forms of pleading, in civil actions theretofore existing, were abolished; and the only forms of pleading now allowed are those prescribed by the *Code of Practice*, which are: "1. The petition by the plaintiff; 2. The demurrer or answer by the defendant; 3. The demurrer or reply by the plaintiff." (*Sections* 116, 117, *Civil Code.*)

By section 153, *Ib.*, it is declared that the allegation of new matter in the answer not relating to a counter claim or set-off, or of new matter in a reply, is to be deemed controverted by the adverse party, as upon a direct denial, or avoidance, as the case may require; and by the preceding sentence of said section, a reply is allowed *only* to a counter claim or set-off, and to no other pleading; and all other allegations of new matter are to be treated as controverted by a direct denial by the adverse party, without further pleading.

The petition of appellee stated facts which constitute a good cause of action; and as a replication is not allowed since the adoption of the Code, and the answer is such as not to admit of a reply, no further pleading was necessary on the part of the plaintiff; and as an issue was then formed under our system of pleading, any competent evidence pertinent to *that* issue was admissible. But it is insisted by appellant, that

even if the evidence was properly *admitted*, an instruction given to the jury by the court below was erroneous and prejudicial to him, which reads as follows: "If the jury believe from the evidence that the plaintiff Moberly filed the note in controversy before the master commissioner, in the case of Rhodus' heirs on petition, at the request of defendant, that it made Moberly a party to that action, and deprived defendant of the right to rely on the limitation in the case, and they should find for the plaintiff."

The propriety of that instruction depends somewhat on the proper construction of the statute referred to, which is in the following language: "A surety in an obligation or contract other than those provided for in the next two preceding sections, shall be discharged from all liability thereon, when seven years shall have elapsed *without suit thereon*, after the cause of action accrued." (*Sec.* 14, *chap.* 97, *p.* 400, *2d vol. Revised Statutes.*)

Whether the suit to be brought on the obligation or contract provided for in this section of the statute must be against the surety, or whether, if it be against the principal debtor, that will prevent the bar, we need not in this case decide. For even if it be conceded that a suit against the principal, within seven years after the cause of action accrued, would be sufficient to prevent the running of the statute, still, such suit must be shown to have been a suit prosecuted in good faith— an effectual suit, terminating in a *judgment*.

In *Kellar vs. Sinton's ex'r*, 14 *B. Mon.*, 306, this court held that an intermediate ineffectual "suit against another party to the contract, or against the same, or a suit only partially effectual, but which has performed

its office, and is *functus officio,* is just the same as no suit at all," &c.

That decision, it is true, was given on a contract made when the *act of* 1838 was in force, and before the adoption of the Revised Statutes; but the provisions of the two statutes are substantially the same, and that opinion is, therefore, authoritative in construing the section of the statute now under consideration.

The record introduced did not show that there was even a judgment against the administrator for a *pro rata* disposition of intestate's estate, nor any diligence in prosecuting the suit, and failed to show any effort on the part of appellee, after presenting his claim to the master, to obtain a judgment for his debt; and although the claim may have been presented by appellee to the master on the request of appellant, that cannot change, or in any way affect, his legal liability. It did not hinder or prevent appellee from suing him; but he could at any time thereafter have brought suit against the surety. The instruction was, therefore, erroneous, and prejudicial to appellant.

Wherefore, the judgment is *reversed,* and the cause is remanded for a new trial and further proceedings consistent herewith.