## DREUTZER vs. BAKER.

*February 27 — March 18, 1884.*

*(1) Rights of grantee in imperfect deed. (2) Limitation against tax deed in favor of owner in possession. (3) Court and jury. (4) Pleading statute of limitations.*

1. A warranty deed acknowledging payment of the whole consideration, although it has but one witness and is not sealed, conveys the equitable title and a right to the possession of the land as against the grantor and all other persons who cannot show a better title.

2. If the original owner of lands sold for taxes has the actual possession thereof for any considerable portion of the nine months immediately following the recording of the tax deed, the limitation of sec. 1210d, R. S., does not run in favor of, but against, the grantee in such deed.

3. Whether the owner did so have and retain possession of the lands is a question of fact for the jury.

4. The rule that, to be available, the statute of limitations must be pleaded, applies only to cases in which there is an opportunity for such pleading.

APPEAL from the Circuit Court for *Door* County.

The case is stated in the opinion.

For the appellant there was a brief by *O. E. & Y. V. Dreutzer*, and oral argument by *Mr. O. E. Dreutzer*.

*Henry T. Scudder*, for the respondent.

TAYLOR, J. This action was commenced by the appellant in justice's court to recover damages of the respondent for breaking and entering the plaintiff's close, viz., the N. E. ¼ of the S. E. ¼ of section 11, township 27, range 26 E., in Door county. The defendant put in a plea of title, and the cause was removed to the circuit court. On the trial in that court the learned circuit judge directed a verdict for the defendant, to which plaintiff excepted and afterwards moved to set it aside and for a new trial.

The learned counsel for the appellant insists that the circuit judge should have directed a verdict in his favor, or, if not, that the case should have been submitted to the jury upon the evidence. Upon an examination of the evidence given on the trial, we are clearly of the opinion that the court erred in directing a verdict for the defendant.

The evidence of plaintiff shows a regular chain of conveyances from the original patentee of the government to himself, and it further shows, or at least strongly tended to show, that he had been in the actual possession of said premises since the month of February, 1882, and that he was in fact in possession of the same at the time the defendant entered and did the damage complained of. The only defect in the plaintiff's title was that one of the intermediate conveyances under which he held his title, viz., the deed from A. W. Lawrence to one Charity Pinney, was witnessed by but one witness, and was not sealed. It was in form, however, a warranty deed, and acknowledged the payment of the whole consideration. After the receipt of such imperfect deed Charity Pinney conveyed by warranty deed to O. E. Dreutzer, and O. E. Dreutzer conveyed by quitclaim deed to the plaintiff, February 28, 1878; and, claiming title under such chain of conveyances, the evidence strongly tends to show that the plaintiff took the actual possession of said land in February or March, 1882, and retained such possession until ousted by the defendant.

The evidence on the part of the defendant tends to show that *Baker*, the defendant, acting under the direction of George Pinney, made the entry complained of under a claim of title by said George Pinney. The title proved by Pinney was a tax deed from the county of Door to one J. Leathem, dated November 25, 1881, recorded the same day, and a quitclaim deed from Leathem, dated November 26, 1881, recorded September 11, 1882, to said George Pinney; and some evidence tending to show that Pinney took possession

of said land by *Baker*, the defendant, who acted under and for him, sometime in December, 1881.

Upon this showing, notwithstanding the imperfect deed in the plaintiff's chain of title, he clearly produced evidence tending to show himself entitled to the possession of the land in dispute as against the original owners, and as against all other persons who could not show a better title. If the imperfect deed did not convey the legal, it did the equitable, title, and the right to the possession. That was so decided by this court in the case of *Dreutzer v. Lawrence*, 58 Wis., 594.

The only other question in the case was whether the evidence of title produced by George Pinney defeated this title and right of possession of the plaintiff. It is evident that this title of Pinney was not so clearly established by the proofs as to justify the court in deciding as a question of law that the plaintiff's title was defeated. The tax title under which Pinney makes claim was dated and recorded November 25, 1881, and, being fair upon its face, it was *prima facie* evidence of title in the grantee and in Pinney, who claimed under him. But the evidence strongly tended to show that the plaintiff went into the actual possession of this land in the month of February, at any rate as early as the fore part of March, 1882, and retained such actual possession until November 10, 1882, when Baker, acting under the orders of Pinney, attempted to oust him from the possession. If the jury had found this fact in favor of the plaintiff, as they might have done had the question been submitted to them, then, under sec. 1210*d*, R. S., as construed by this court, Pinney's title under his tax deed would have been defeated under the nine months' limitation. See *Smith v. Sherry*, 54 Wis., 114, 128; *Haseltine v. Mosher*, 51 Wis., 443; *Lewis v. Disher*, 32 Wis., 504; *Wilson v. Henry*, 35 Wis., 241. These cases clearly establish the rule that the actual possession of the lands covered by the tax deed for any considerable por-

tion of the three years' or nine months' limitation, not only disengages the bar of the statute in favor of the tax deed, but creates a bar against it. The plaintiff's evidence tended to show, if it did not positively establish the fact, that he took actual possession of this land, claiming to own it, on or about the 1st of March, 1882, and within four months after the plaintiff's tax deed was recorded, and retained such possession until after the expiration of nine months from the recording of the same, and, had the jury so found, the claim of title by Pinney would have been entirely defeated.

In an action like the one at bar, when the defendant pleads title in himself as a defense to an action of trespass to realty, the plaintiff, having no opportunity to plead the statute of limitations in bar of the title set up on the trial as a ground of defense, may show, in reply to the defendant's proof, any facts which will avoid and defeat the title proved by the defendant, and may therefore show that the title under his tax deed is barred and defeated by the actual possession of the lands covered by the tax deed, by the original owner, for a greater part of the time during the nine months immediately following the recording of such tax deed. *Heath v. Heath*, 31 Wis., 223, 228; *Morgan v. Bishop*, 56 Wis., 284; *Gans v. St. P. F. & M. Ins. Co.*, 48 Wis., 108, 115; *Waddle v. Morrill*, 26 Wis., 611; *Harris v. Moberly*, 5 Bush (Ky.), 556; *Mann v. Palmer*, 2 Keyes (N. Y.), 177, 186, 188. *Heath v. Heath, supra*, was an action arising in a justice's court, and as a part of his answer the defendant set up a counterclaim or setoff against the plaintiff. On the trial the plaintiff objected to the evidence of such counterclaim or setoff because it was barred by the statute of limitations. This court held that such an exception to the evidence was a good one. The reason for so holding is that in a justice's court the only pleadings allowed are the complaint and answer. The plaintiff could not plead the statute of limitations to the defendant's answer, and was

allowed, therefore, to avail himself of such statute upon the trial by then showing that the counterclaim was barred by the statute.

The law which requires a party to plead the statute of limitations, in order to avail himself of its benefit, must be limited to cases in which, according to the rules of pleading prescribed by law, he has an opportunity to plead the same.

The question as to whether the plaintiff had actual possession of the lands in controversy for a considerable portion of the nine months next after the recording of the tax deed of Pinney, and so barred and defeated such deed under sec. 1210*d*, R. S., was clearly a question for the jury, and not for the court. It was error, therefore, to direct a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.