## MENOMONEE LOCOMOTIVE MANUFACTURING COMPANY VS. LANGWORTHY.

A bill of sale of personal property from the plaintiff to the defendant, was properly reformed on the ground that, by mistake of the plaintiff's secretary, who drew the bill, it had been made to include articles which did not belong to the plaintiff, and which were not in fact included in the negotiation and agreement of sale between the parties; and that the notes given by the defendant for the value of the property sold to him (which were due and unpaid) could not be enforced until said instrument was so reformed.

APPEAL from the County Court of *Milwaukee* County.

Action to reform a bill of sale. The complaint alleges that, on &c., the defendant agreed to purchase of the plaintiff, for $3000, certain personal property belonging to the plaintiff and then being upon the premises occupied by it, which property was then shown to defendant, and was all the property of the plaintiff then remaining on said premises; that the defendant agreed to execute therefor his four promissory notes for $750 each, payable to the order of one Perkins and indorsed by him; that on the same day defendant gave to plaintiff said notes, and received from plaintiff's secretary a bill of sale. This instrument is set out in *haec verba*, and describes the property sold as "all the personal property remaining upon the premises occupied by" the plaintiff, "including the large scales outside the building, the cupola and blower, line shafting and all machinery attached that may be removed without injury to the building, with the exception of boring mill in the machine shop, the axle lathe, planing machine, large engine lathe with the center shafting,"&c. Among the excepted articles mentioned, are not included those hereinafter described. The complaint then alleges that at the time of said sale to defendant, there were upon said premises divers articles of personal property which formerly belonged to plaintiff, and which it had before that time sold to divers persons, to wit: one boiler used in plaintiff's shop, one locomotive boiler, one engine in the shop, eight engine tires, and a

lot of castings for the Newhall House—all of the value of about $3,700; that these articles were, at the time of and before such purchase, pointed out to defendant by plaintiff's agents with whom he negotiated said purchase, as belonging to other persons than the plaintiff, and it was understood between the parties that plaintiff did not sell said articles to defendant, and defendant did not purchase the same; that plaintiff's secretary made said bill of sale in haste, and there was a mistake made in drawing it, by omitting, after the words "personal property" and before the word "remaining," the words "belonging to said company," or other equivalent words; that plaintiff had brought suit in said circuit court on three of said promissory notes which had fallen due, and said *Langworthy* had fraudulently set up a defense to the action, on the ground that the articles of personal property before mentioned as on said premises at the time of said sale to him, and which plaintiff had before that time sold to other persons, were embraced in said bill of sale, and were sold to him, and that he had never received the same, and had a counterclaim against the plaintiff therefor to the amount of $2,500; that the court had thereupon ruled that oral testimony could not be received to vary or alter said written contract, and that the plaintiff was therefore compelled to take a nonsuit in said action. Prayer, that said bill of sale be reformed by inserting the words above mentioned; and for general relief. A demurrer to the complaint as not stating a cause of action, was overruled; and the defendant answered by a general denial.

On the trial, the plaintiff introduced evidence tending to sustain the several allegations of the complaint. There was a general objection and exception to the admission of any evidence under the complaint, on the ground that it did not state a cause of action. There were also several special exceptions to the admission of evidence; but as they do not appear to have been important, and were not urged here, it is not deem-

ed necessary to report them.    The court found the facts as alleged in the complaint, and, as a conclusion of law, held that judgment should be entered for the plaintiff, directing that said bill of sale be produced in court by the defendant and be corrected in accordance with the prayer of the complaint, and that, until this was done, defendant be enjoined from using it, or any copy of it, as evidence, or making secondary proof thereof, in any suit thereon, or in defense of any suit against him, or him and said Perkins, upon the notes mentioned in the complaint, or in any suit in any way connected with such transactions; provided, that in case said bill of sale were lost or destroyed, a copy thereof, corrected as above directed, might be used notwithstanding this prohibition.    Judgment accordingly; from which the defendant appealed.

*Coon & Cotton*, and *Martin & Hofer*, for appellant.    [No brief.] -

*Downer & LaDue*, for respondent.

*By the Court*, DIXON, C. J.    We have been favored with no brief or argument on the part of the defendant, and upon what grounds he relies for a reversal of the judgment we are not informed.    The action is to reform a bill of sale of certain personal property, upon the ground of mistake.    Upon looking into the record, the case seems to us very plain and simple. No doubt can be entertained that the mistake is such as equity ought to reform; and that it occurred through the inadvertence of the secretary of the plaintiff, who drew the bill of sale, is established beyond controversy.    The bill of sale, before reformation, did not express the true agreement of the parties, and the circuit court was right in reforming it so as to make it do so.

Judgment affirmed.