PFENNIG and others vs. GRIFFITH.

*Former adjudication, when conclusive.*

1. It is only where the point in issue has been *determined*, that the former judgment is a bar.
2. The party against whom a former adjudication is set up as a bar may reply that it did not relate to the same property or transaction as that in controversy in the pending suit, and may give parol evidence upon the question of identity thus raised.
3. He may also give such evidence, if upon the whole record, it remains doubtful whether the same subject matter was actually passed upon in the former action, although the complaint therein was broad enough to include it.
4. If the pleadings present several distinct propositions and the evidence may be referred to either or to all with the same propriety, the judgment is not conclusive, but only *prima facie* evidence upon any one of the propositions, and evidence *aliunde* is admissible to rebut it.

5. In an action of replevin for a quantity of logs got out in the winter of 1867-8, a part of them known as the " Green logs," and part as the " Shepherd logs," which had been put into certain rafts indiscriminately, wherein the plaintiffs claimed to own the whole, and the defendant claimed title to all the " Green logs," which were got out before February 18, 1868, but did not controvert the plaintiffs' title to those of them which were got out afterward, and the jury found in favor of the plaintiffs for the " Green logs " described in the complaint, stating the number of feet, (which was much less than was alleged in the complaint), but not stating when they were cut: *Held*, that the judgment therein was not conclusive upon the defendant as to his title to the " Green logs" in other rafts, originally made up out of the same lot of logs, in an action therefor subsequently tried; but he should be permitted to introduce evidence to show his title thereto.

APPEAL from the Circuit Court for *Winnebago* County.

It appears that in the winter of 1867-8, one Green got out a quantity of pine logs on a tributary of Wolf river, and marked them " *N. hook. hack. cross. hack,*" which, for convenience, will be called the " *Green logs.*" He was engaged in this work from December, 1867, to about the 18th of March, 1868. The plaintiff claims to have purchased these logs from one Godwin, who purchased them of Green in June, 1868. The defendant claims that on the 18th of February, 1868, he purchased of Green all these logs which had been got out to that date, and that Green then made due delivery thereof to him.

It further appears that one Shepherd and certain other parties, during the same winter, got out a quantity of logs in the same vicinity, marked " *N. hook cross,*" and also known as the " *Shepherd logs.*" Both parties claimed title to these also, but it is unnecessary to state the grounds of their respective claims thereto.

The plaintiffs rafted and run both lots of logs down the Wolf river, in the spring of 1869, claiming to be the owners of the whole of them. At Winneconne the defendant seized six of these rafts, and, on the 9th of June, 1869, the plaintiffs commenced this action in the circuit court for Fond du Lac county to recover the possession of the logs thus seized by the de-

fendant. These six rafts contained logs marked with both of the above mentioned marks.

Soon after, the defendant seized the balance of such logs, being two rafts and a part of a raft, consisting also of both Green and Shepherd logs, and thereupon the plaintiffs commenced an action in the circuit court for Winnebago county to recover the logs last seized. That action was commenced June 22d, 1869; was tried at the March term of said court, 1870; and resulted in a verdict and judgment for the plaintiffs for the "Green logs," and in favor of the defendant for the "Shepherd logs."

On the trial of that action, the foregoing facts were proved, and both parties introduced testimony tending to show their respective ownership of both lots of logs. The evidence showed also that some of the "Green logs" were cut and banked after February 18, 1868, but the quantity of these was not definitely proved.

The place of trial of this action (which, as before stated, was for the six rafts first seized by the defendant), was changed to Winnebago county, and the action was tried at the December term, 1870, of the circuit court for that county. On the trial, the judgment roll and testimony in the action for the two rafts and a piece of a raft were put in evidence by the plaintiffs. They also proved that the logs in controversy in both actions were one and the same lot of logs. The defendant offered testimony tending to show that he was the owner of the "Green logs," which were got out before the 18th of February, 1868.; the quantity of the "Green logs" that were got out after that day; that those got out both before and after that day were put in and rafted together indiscriminately; and that, on the former trial, he only claimed to be the owner of such of the logs as were put in before that date, and made no claim whatever to those which were put in afterwards. The circuit court excluded the testimony, holding that the adjudication in the case first tried was conclusive in this action of the rights of the

parties, and directed the jury to render a verdict for the plaintiffs for the "Green logs," and for the defendant for the "Shepherd logs" contained in the six rafts, the quantity of each kind having been ascertained. A verdict was returned by the jury pursuant to the direction of the court, and judgment thereupon afterwards duly perfected. From such judgment the defendant appealed to this court.

*Felker & Weisbrod*, for appellant:

The former judgment was not conclusive as to the title of the "Green logs" in controversy in this action, and the defendant should have been permitted to introduce evidence to show his title thereto. It was at least doubtful, upon the whole record, whether the jury passed upon the title of all the "Green logs," or of those only which were cut and put in after February 18, 1868. The record does not, therefore, preclude him in the second suit from recovering that portion of the property to which he could show good title. *Brown v. Pratt*, 4 Wis., 513, 520; *King v. Chase*, 15 N. H., 9; *Dickinson v. Hayes*, 31 Conn., 417; *Lawrence v. Hunt*, 10 Wend., 81.

*Gabe Bouck*, for respondent:

1. The former adjudication as to the title of a portion of the same lot of logs was conclusive as to those in controversy in this action; and it was proper to show by parol that it involved such title. *Gardner v. Buckbee*, 3 Cow., 120; *Burt v. Sternbergh*, 4 id., 559; *Treadwell v. Stebbins*, 6 Bosw., 538; *Doty v. Brown*, 4 N. Y., 71; *Castle v. Noyes*, 14 N. Y., 329; *Demarest v. Darg*, 32 id., 281; *Bonchand v. Dias*, 3 Denio, 238; *Buckhead v. Brown*, 5 Sandf., 134; *Walker v. Chase*, 53 Me., 258; *Bougher v. Scobey*, 21 Ind., 365; *Marble v. Keyes*, 9 Gray, 221; *Hillsborough v. Nichols*, 46 N. H., 379; *Freeman v. Bass*, 34 Ga., 355; *Burlen v. Shannon*, 14 Gray, 433; *Clark v. Sammons*, 12 Iowa, 368; *Love v. Waltz*, 7 Cal., 250; *Higgins v. Mayer*, 10 How., 363; *Embury v. Conner*, 3 N. Y., 511; *Danaher v. Prentiss*, 22 Wis., 311. 2. Where a party has no opportunity to plead the former

verdict as an estoppel, the record may be given in evidence. *Wright v. Butler*, 6 Wend., 284.

LYON, J.   The only question to be determined is, whether the adjudication in the action first tried is necessarily conclusive of the right of the plaintiffs to the " Green logs " in controversy in this action; or whether it was competent for the defendant to show that such adjudication did not settle the right of the plaintiff thereto.

The general rule of law applicable to this question, and which has been approved and acted upon in numerous cases in the courts of the several states, is thus stated by Lord Chief Justice DE GREY (afterwards Lord WALSINGHAM), in the *Duchess of Kingston's Case*, 20 Howell's State Trials, 538: "From the variety of cases relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true: *first*, that the judgment of a court of concurrent jurisdiction, directly upon the point, is, as a plea, a bar, or as evidence, conclusive, between the same parties, upon the same matter, directly in question in another court; *secondly*, that the judgment of a court of exclusive jurisdiction, directly upon the point, is, in like manner, conclusive upon the same matter, between the same parties, coming incidentally in question in another court, for a different purpose. But neither the judgment of a concurrent or exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction; nor of any matter incidentally cognizable; nor of any matter to be inferred by argument from the judgment." It is only where the point in issue has been *determined*, that the judgment is a bar.   1 Greenl. Ev., § 529.   When a former judgment is shown by way of bar, whether by pleading or in evidence, it is competent for the plaintiff (in this case the defendant) to reply, that it did not relate to the same property or transaction in controversy in the action to which it is set up in bar; and the question of identity thus raised is to be determined by the jury upon the evidence adduced.   And though

the complaint in the former suit may be broad enough to include the subject matter of the second action, yet if, upon the whole record, it remains doubtful whether the same subject matter was actually passed upon, parol evidence is admissible to show the truth. If the pleadings present several distinct propositions, and the evidence may be referred to either or all with the same propriety, the judgment is not conclusive, but only *prima facie* evidence upon any one of the propositions, and evidence *aliunde* is admissible to rebut it. 1 id., § 532, and cases there cited.

The case of *Burlen v. Shannon*, 14 Gray, 433, is an illustration of the rule last stated. The action was for the board of the defendant's wife. It was essential to a recovery therein that the plaintiff prove the fact that the wife was absent from the defendant's house by reason of his cruelty to her. To prove such fact, the plaintiff gave in evidence a judgment in his favor against the defendant, in a similar action, for the board of the wife during a previous period. It was shown on the last trial, by parol evidence, that on the former trial the plaintiff introduced evidence, both that the wife was obliged to leave her home by reason of her husband's cruelty to her, and that she lived apart from him with his consent. It was held that the proceedings and judgment in the former action were conclusive evidence that she was lawfully living apart from him, but were not conclusive that the cause of separation was his cruelty, unless the jury were satisfied by parol evidence that his cruelty was the ground of the former verdict. Chief Justice SHAW, in delivering the opinion of the court sustaining the rulings of the judge who presided at the trial, says: "The parol evidence was rightly admitted to ascertain what questions were in fact tried and submitted to the jury. The evidence showed that two such questions were submitted; that, if either of two things was true, they would return a verdict for the plaintiff. A verdict on that direction for the plaintiff proved nothing more than that the jury found one of the propositions true, but without

finding which. It was not, therefore, true that they found absence by reason of cruelty. It was simply evidence, to be weighed with other evidence, which being parol evidence, its weight was properly left to the jury.   The judge could not decide upon the effect of the evidence as matter of law; and therefore the only course was to leave it to the jury to consider the evidence, and ascertain the facts, and apply the law accordingly."

In *Doty v. Brown*, 4 N. Y., 71, following the case of *Gardner v. Buckbee*, 3 Cow., 120 (which is a leading case upon this subject), RUGGLES, J. states the general rule thus: "But the settled principle of law appears to be, that the same point or question, when once litigated and *settled* by a verdict and judgment thereon, shall not again be contested in any subsequent controversy between the same parties depending on that point or question."

The counsel for the plaintiff has cited numerous cases, among which are those above referred to, bearing upon the question under consideration.   These have been carefully examined, and it is believed that they are all in entire harmony with the principles hereinbefore stated.   It only remains to apply those principles to this case.

In the action first tried the plaintiffs claimed to be the owners of all the "Green logs" which were got out in the winter of 1867–8.   The defendant claimed to own all of the same logs which had been got out before February 18th, 1868, and did not controvert the plaintiff's title to those which were got out afterwards.   Whether the logs in controversy in that action were cut before or after that date, and whether the plaintiffs or the defendant owned those cut before that time, were the questions litigated upon that trial.   The verdict therein can be sustained on either of two theories; *first*, that the plaintiffs were the owners of all the "Green logs" which were cut in the winter of 1867–8; or *second*, that they only owned such as were got out after February 18th.   If the jury found the first proposition to be true, and based their verdict upon it, it seems quite

Pfennig and others vs. Griffith.

clear that such adjudication is binding and conclusive upon the parties in respect to the "Green logs" in controversy in this action. But if the jury only found that the logs in controversy, being 46,223 feet, were cut after February 18th, and did not determine the ownership of those cut before that date, it seems equally clear that the first adjudication will not prevent the defendant from asserting his title to the logs in controversy here.

Both theories, as already stated, were litigated upon the trial and the verdict is conclusive evidence that one or the other of them prevailed, but it is not conclusive as to which is the true one. In this respect the case is like that of *Burlen v. Shannon*, *supra.* It is not sufficient that the question of the ownership of the logs got out before the 18th of February was litigated upon the first trial, but it must also appear that the question was *determined*, before the parties can be held bound by such former adjudication. Whether the question was so determined does not appear from the record, and testimony *aliunde* is admissible to show what was or what was not determined in that action. Hence, although the defendant did not directly propose to prove the grounds upon which the former verdict was rendered, yet the testimony which was offered by him and rejected, or some of it at least, tended in that direction, and should have been admitted. The excluding of such testimony is error.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.