Braun vs. Wisconsin Rendering Co.

BRAUN, Respondent, vs. WISCONSIN RENDERING COMPANY, Appellant.

*January 10 — January 28, 1896.*

*Written contract: Construction: Contemporaneous oral agreement: Evidence: Reformation: Judgment:* Res adjudicata.

1. A written contract providing that plaintiff, in consideration of $500 to him to be paid, leased to defendant certain cars and track for the term of three months; that if defendant returned them sooner he should pay for the use thereof at the rate of $200 per month; and that defendant should have the right, at any time before returning them, to purchase the entire outfit at a price not to exceed $900, — is construed as not entitling defendant to have the payments for rent applied on the purchase money.

2. Evidence of a contemporaneous oral agreement by which payments of rent were to be applied on the purchase price was not admissible. The fact that the price was "not to exceed $900" did not show that only a part of the contract was reduced to writing, so as to make such evidence competent.

3. A written contract will not be reformed so as to insert in it a provision which was omitted with the consent of the party asking the reformation, although the consent was given in reliance upon an oral promise of the other party that such omission should make no difference.

4. A reason given by the trial court for dismissing the complaint in an action to reform a contract by inserting a provision alleged to have been omitted through fraud or mistake, to the effect that the meaning of the contract would not be changed by such insertion, is not, if not contained in the judgment, *res adjudicata* on the question of the proper construction of the contract.

APPEAL from a judgment of the superior court of Milwaukee county: J. C. LUDWIG, Judge. *Affirmed.*

On the 24th day of June, 1892, plaintiff and defendant entered into a written contract whereby the parties agreed as follows: "The said first party [plaintiff], in consideration of the sum of $500 to him to be paid, does hereby lease unto said second party, for a term of three months from June 24, 1892, ten cars and 2,500 feet of track. Should said second party, however, return said cars and track before the expiration of the said three months, they are to pay for the use thereof at the rate of $200 per month from the commencement thereof to the time of the return of said cars and track; said cars not to be returned before sixty days. Said second party also has the right, at any time before returning said cars and track, to buy the entire outfit, at a price not to exceed the sum of $900." The property referred to was delivered to the defendant under this contract, and, after using the same for some length of time, it took the benefit of the option to purchase, by notifying plaintiff to that effect. Thereupon defendant claimed that all payments that had been made for rent, of which there were several, should be applied as part of the purchase money. Defendant claimed that such was the contract, and that it was through fraud or mistake that it was not so stated in the writing, and on this theory an action was brought in the circuit court for Milwaukee county to reform the contract. The result of such action was that judgment was rendered in favor of the defendant in that action (plaintiff here). The trial judge remarked at the

time that the meaning of the contract would not be changed by granting the application to reform it according to the prayer of the complaint.

This action was brought to recover for the use of the property for twenty-four days, and a recovery on the contract for purchase money, on the theory that defendant is not entitled to have the rent applied thereon. Defendant, by answer, set up the facts as claimed by it in respect to the making of the contract, claimed that the contract should be construed as allowing the rent to be applied on the purchase money, or that it should be reformed in order to so provide, also set up, by way of counterclaim, the result of the action brought to reform the contract. Judgment was rendered in favor of the plaintiff, from which this appeal was taken.

For the appellant there was a brief by *Fiebing & Killilea,* attorneys, and *C. H. Van Alstine,* of counsel, and oral argument by *Mr. Van Alstine.*

For the respondent there was a brief by *Turner, Bloodgood & Kemper,* attorneys, and *W. J. Turner,* of counsel, and oral argument by *Mr. W. J. Turner.*

MARSHALL, J. There are several questions presented on this appeal, which will be considered in their order.

1. The first error assigned is that the court erred in the construction of the contract, in that it was not found that defendant was entitled to have the payments for rent applied on the purchase money.

In construing a contract, it must be observed that while the office of judicial construction is to give effect to the intention of the parties, and that words and sentences should be so construed as to subserve such intention (*Johnson v. N. W. Nat. Ins. Co.* 39 Wis. 87; *Weiseger v. Wheeler,* 14 Wis. 101; *Jacobs v. Spalding,* 71 Wis. 177), this does not mean that violence may be done to the words the parties see fit

to employ, but only that it is the duty of courts to look at the whole and every part of the contract, and to give that construction to it which will make it effectual to carry out the real intention of the parties so far as the words they see fit to employ will permit, without doing violence to the rules of language or the rules of law. Applying this to the contract before us, the conclusion is easily reached that the construction given to it by the trial court is correct. It is as clearly a lease of the property for a rental of $200 per month, with the privilege of purchasing the same at any time during the period named at $900, as English words can make it; and any other construction would do violence to the language the parties saw fit to use.

2. It is further claimed that, if the construction contended for by defendant is not correct, then the contract should be reformed.

This court has repeatedly held that written contracts cannot be reformed except upon most positive and satisfactory evidence showing fraud or mistake in committing the agreement to writing; that is, mistake of one party and fraud of the other, or mutual mistake. *Newton v. Holley,* 6 Wis. 592; *Lake v. Meacham,* 13 Wis. 355; *Harrison v. Juneau Bank,* 17 Wis. 340; *Fery v. Pfeiffer,* 18 Wis. 510; *Menomonee L. Mfg. Co. v. Langworthy,* 18 Wis. 444; *Ledyard v. Hartford F. Ins. Co.* 24 Wis. 496. The proof must be plain, convincing, and beyond reasonable controversy that by fraud or mistake the true contract was not expressed in the writing (*Blake Opera House Co. v. Home Ins. Co.* 73 Wis. 667); that is, as applied to this case, a mistake in omitting something which the parties intended to have inserted, or something which was in fact a part of the agreement, and which it was supposed was contained in the writing when it was signed and delivered,— not a mistake of judgment, in that one party relied upon the contemporary parol agreement of the other, instead of insisting upon its being reduced

to writing. The latter appears to be the mistake in this case, if there was any mistake. Both parties knew that the words were omitted. Giving the most favorable effect to defendant's evidence, consent was given to the omission upon the promise that such omission should make no difference. For this kind of mistake the law affords no remedy. It was a mere simultaneous parol agreement, which cannot be resorted to to vary or control the written contract. It follows that the court rightly refused to grant that part of the relief prayed for asking a reformation of the contract.

3. It is further claimed that the court erred in not finding that the written contract was modified by a subsequent oral contract.

It must be conceded, as claimed by appellant, that a written contract may be modified by a subsequent parol agreement without any new consideration to support it (*Lynch v. Henry*, 75 Wis. 631); but the trouble in this case is that the evidence wholly fails to show any such subsequent agreement. The very theory upon which the action was brought in the circuit court to reform the contract, and that the claim for reformation was made in this case, is consistent only with the theory that the agreement which appellant seeks to show was contemporaneous with the written contract, not subsequent to it; and that is strictly in accordance with the evidence. Polabeck, one of the officers of the defendant, testified that the conversation about applying the rent paid as purchase money in case the option was accepted was before the contract was delivered. Fred C. Gross, also an officer of the defendant, testified that the conversation was at the time the contract was written and signed. Charles Friedrich, the secretary, and the one who wrote the contract, testified that the matter was talked over at the time of the making of the contract; that the remark about having the payments of rent apply on the purchase money was after the writing was signed, and before it was delivered.

The evidence was all one way on the subject.   Hence the written contract must be held to extinguish the parol agreement, if one was made, and to express the final intention of the parties, unless the facts bring the case within some of the exceptions to the general rule that parol evidence cannot be admitted to vary a written contract.   *Whiting v. Gould*, 2 Wis. 552; *Williams v. Slaughter*, 3 Wis. 347.

4. It is further claimed that the case comes within the rule that, where only a part of the contract was reduced to writing, it is competent to prove by parol that part that rests in parol, under the rule referred to, but not applied, in *Hubbard v. Marshall*, 50 Wis. 322.   Appellant asks, on this branch of the case, to have force given to the fact that the purchase price of the property was not fixed by the writing, but left to be thereafter determined.   But we think the use of the words "not exceeding $900" means no more than that the purchase price, strictly so called, should not be more than the price named.   It suggests only that, while circumstances might arise whereby the vendor would consent to take less, the vendee might at any time within the period named have the property at the price mentioned.   The rule that appellant invokes applies to a case where an entire verbal contract in part performance only has been reduced to writing (Wharton, Ev. § 1015; *Hope v. Balen*, 58 N. Y. 382; *Chapin v. Dobson*, 78 N. Y. 75); or where there was a distinct contemporaneous parol agreement, and one of the parties seeks to make use of the written agreement for purposes inconsistent with the parol agreement, under such circumstances as would render such use fraudulent (*Juilliard v. Chaffee*, 92 N. Y. 529; *Martin v. Pycroft*, 2 De Gex, M. & G. 785; *Jervis v. Berridge*, 8 Ch. App. 351).   But the rule is not so broad as to allow parol proof of mere contemporaneous stipulations or conditions; the writing being the agreement, and not a mere part performance or incident of it. Under such circumstances, the proof of such contemporane-

·ously agreed upon conditions or ·stipulations would operate merely to vary the terms of the writing, and must be barred; ·otherwise, the salutary rule that parol evidence. cannot be admitted to alter or vary a written instrument, nor annex thereto any conditions not appearing in the contract, that ·has been so long established as not to be open to discussion, would be wholly swallowed up in the exception. What is ·here claimed is that defendant should have been allowed to ·establish as a fact that an important condition of the agreement was omitted; that is, that in case of the purchase the rent paid, upon the acceptance of the option to purchase, ·should be thereby converted into purchase money and applied on the price of $900. This is not allowable under any authority with which we are familiar, except in cases which entitle the party to a reformation of the contract itself; and such a case is not here presented, as heretofore stated.

5. The remark made by the presiding judge expressing a reason for dismissing the complaint in the action to reform the contract is not, under the circumstances, *res adjudicata* in plaintiff's favor on the question of the proper construction of the writing. That question was not within the issues made by the pleadings. Appellant then claimed that, through fraud or mistake, a material part of the agreement was not inserted in the writing. On this he failed, and judgment was rendered against him. A judgment is conclusive only as to that which was in issue. *Murphy v. Farwell,* 9 Wis. 102; *Hagan v. Casey,* 30 Wis. 553; *Pfennig v. Griffith,* 29 Wis. 618. Reasons given in the course of a trial for an order ·or judgment, not contained or referred to in such judgment ·or order, are not *res adjudicatæ.* *Robinson v. N. Y., L. E. & W. R. Co.* 64 Hun, 41; *Harmon v. Auditor of Public Accounts,* 123 Ill. 122; *Girardin v. Dean,* 49 Tex. 248; *Greathead v. Bromley,* 7 Term, 456; *Barrett v. Failing,* 8 Oreg. 152. Neither can evidence of such reasons be given to vary the effect of such judgment as it appears upon its face, if

inconsistent with the record. *Robinson v. N. Y., L. E. & W. R. Co., supra; Agan v. Hey*, 30 Hun, 594; *Packet Co. v. Sickles*, 5 Wall. 593.

*By the Court.*— The judgment of the superior court is affirmed.