COSTELLO, Respondent, vs. GRANT COUNTY MUTUAL FIRE AND LIGHTNING INSURANCE COMPANY, Appellant.

*October 16—November 5, 1907.*

*Trial: Findings by court: Amendment: Equity: Judgment of dismissal: Conclusiveness: Action at law: Fire insurance: Statutory implication of agency: Application for policy: Evidence: Completed contract: Issuing policy varying from application.*

1. In a suit in equity brought to reform a contract, amendment of the findings within one year after entry of judgment is within the power of the trial court.

2. The dismissal of a complaint in a suit in equity, on the ground that the plaintiff has mistaken his remedy and should have proceeded at law, is no bar to the legal action thereafter commenced.

3. In actions against mutual fire insurance companies organized under Wisconsin statutes, the acts of the person transmitting the application to the company and the company's acceptance of the application, where such acts took place prior to the publication of ch. 353, Laws of 1905, authorize a jury to infer that the person transmitting the application was an agent of the insurance company.

4. In an action on a fire insurance policy issued on a written application accepted by the insurance company, the evidence, stated in the opinion, is *held* to sustain a finding that the application called for a policy to commence January 2 instead of January 12 (loss occurring between those dates), and that the former date was written in the application at the time it was received.

5. In an action to recover insurance it appeared, among other things, that plaintiff made application for insurance for one year to an agent representing several companies; that the agent forwarded the application addressed to one company he represented and it refused to write the insurance; that thereupon the agent, without consulting plaintiff, forwarded the application unchanged to defendant, who accepted it by the determination to issue a policy for three years. There was no evidence that plaintiff ever received the policy, was informed of the material addition to his proposal, or that he even knew the name of the company in which he claimed to have been insured at any time prior to loss by fire. *Held,* that the acceptance of the application under the circumstances did not constitute the completion of a contract.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

The appeal is from a judgment in an action upon a contract of insurance.

The plaintiff requested one Moody, an insurance agent, on January 2, 1905, to procure for him fire insurance upon two certain buildings, $650 upon one and $350 upon the other, and Moody thereupon filled out an application for such insurance in the Wisconsin Mutual Fire Association of Lancaster for the term of one year from the 2d day of January, 1905, dated the application on January 2, 1905, and the same was signed by the plaintiff. This application was forwarded by Moody to the secretary of the Wisconsin Mutual Fire Association of Lancaster, the risk was rejected by him, and application returned. Moody thereupon and without consulting the plaintiff, and on or about January 5, 1905, forwarded this application to the secretary of the defendant company, and the defendant accepted the application on January 10th. The property sought to be covered by the insurance burned on January 11th. The defendant claims that on January 10, 1905, it accepted this application, the insurance to take effect January 12, 1905, and run three years from that date, and that with reference to the term of com-

mencement of risk the application so read at the time it reached the defendant's office. The policy was unaccountably delayed in transmission and did not reach the insured until January 17, 1905.

The whole contest turned upon the question whether or not the defendant accepted this risk to begin on January 2, as described in the application originally, or whether the defendant accepted the risk to begin January 12, 1905. Upon conflicting evidence the jury returned a special verdict finding that the application at the time it was received by defendant's secretary was for insurance "for the term of one year from the 2d day of January, 1905," and that it did not then read for the term of one year from the 12th day of January, 1905, as it was found thereafter to read; that the secretary and president of the defendant insurance company accepted said application for insurance as it was written at the time it was received; that Moody was an agent of the defendant company at the time he mailed to defendant's secretary the application for insurance; that the plaintiff applied to Moody as an insurance agent to insure the property that was burned in some company of which Moody was agent; and the court added a finding based on uncontroverted evidence that the secretary and president of the defendant company did accept the application on January 10, 1905, and before the fire. The plaintiff first began a suit in equity to reform the application for insurance and the policy of insurance issued thereon so that the term of insurance should begin January 6, 1905, instead of January 12, 1905, and, to recover upon the policy so reformed, averred a mistake of the secretary of the defendant company who wrote the policy in so dating it as to take effect January 12, 1905. This was determined against the plaintiff, and one of the findings of fact was that the application asked for such insurance for the term of one year from the 12th day of January, 1905. Within one year after entry of judgment in the equity suit

the plaintiff, upon cause shown, made application to the court in which findings were made, and thereupon the court struck out the foregoing item of the findings and also struck out the eleventh finding, which seemed to pass upon the merits of the case, and substituted instead a finding as follows: "The testimony in this case is insufficient to sustain the demand of the plaintiff's complaint that the application for the policy and the insurance policy should be amended as prayed for." By the amendment this appeared to be the ground for dismissing the complaint.

For the appellant there was a brief by *Bushnell, Watkins & Moses,* and oral argument by *A. R. Bushnell.*

For the respondent there was a brief by *Burnham & Shontz,* and oral argument by *F. W. Burnham.*

TIMLIN, J. The amendment of the findings in the equity suit brought to reform the application and policy in question was within the power of the court below. *Keep v. Sanderson,* 12 Wis. 352; sec. 2832, Stats. (1898). The dismissal of a complaint in a suit in equity on the ground that the plaintiff has mistaken his remedy and should have proceeded at law is no bar to the legal action thereafter commenced. *Cramer v. Moore,* 36 Ohio St. 347; *Lore's Lessee v. Truman,* 10 Ohio St. 45; *Pfennig v. Griffith,* 29 Wis. 618. If it is at all material to the questions involved in this appeal, the jury was authorized to infer from the acts of Moody in transmitting the application of the plaintiff and the defendant's acceptance of the application that Moody was an agent of the defendant. Sec. 1977, Stats. (1898), as on and prior to January 10, 1905; *John R. Davis L. Co. v. Hartford F. Ins. Co.* 95 Wis. 226, 70 N. W. 84. It is quite manifest that the principal question litigated between the parties was whether or not the defendant, or some one in its behalf, after having on January 10, 1905, accepted the application of the plaintiff for a policy of insurance to begin on January 2, 1905, changed the same after the fire loss so as to read

January 12th instead of January 2d. The application itself is in evidence and bears evidence of alteration from the "2nd" to the "12nd." The witness Moody testified that the figure "1" was inserted before the figure and letters "2nd" some time after it left his hands in transmission to the defendant, and that the figure "1" was not in the same ink as the figure "2" nor made with the same pen; and Mr. W. H. Pier, an experienced banker and penman, and others, after examining the application, gave a like opinion. The application as now produced by the defendant reads "January 12nd." One Higgins testified that on January 17th he called up the defendant's secretary by telephone and asked what had become of *Mr. Costello's* application for insurance, and the latter answered that "he sent the policy last night." Mr. Higgins inquired, "From what date is the policy in force?" and the secretary answered "from the date of the application, January 6th." Higgins then informed the secretary that *Costello* had had a loss. The minutes of the defendant company show that the president and secretary acted on this application on January 10th, and these minutes show that the insurance was to commence January 12, 1905, and the testimony of the defendant's secretary, Mr. Hatch, supports these minutes. Mr. Hatch testified that he made no change in the application, but that when he received it it was written for insurance to commence on the 12th of January. They took no insurance for less than three years, so they issued the policy for three years upon this application. He explains that some one telephoned in regard to it, and he told this person that the insurance was to commence the day it was dated to commence in the application.

This testimony raised a square issue of fact with reference to the acceptance of this application to begin January 2, 1905, or January 12, 1905, and upon this the jury found against the defendant to the effect that the secretary and president of the defendant accepted said application for insurance as it was written at the time it was received; that is

to say, an application for insurance beginning January 2d. We see no reason for disturbing this finding. It concludes the defendant upon this branch of the controversy. This left only the question whether the acceptance of this application by determining to issue thereon a policy of insurance for three years instead of one year constituted a completed contract. Upon this question the evidence is without dispute. The insured had no knowledge that the insurance company had as a part of and a condition of its acceptance thereof added to his application a provision for a three years' term of insurance, instead of the one year's term applied for, until long after the fire in question. The duration of the risk was a vital and important item of the contract. In *Sheldon v. Hekla F. Ins. Co.* 65 Wis. 436, 27 N. W. 315, the contract of insurance was claimed to have been entered into on November 17, 1884, the insured property was destroyed by fire on November 21st following, and the insurance agent had agreed with the assured upon the particulars of insurance. No insurance company was specially designated, and the agent represented two companies and waived the immediate payment of the premium. It was held that the contract was not closed or completed because the agent had not prior to the loss in any manner designated to the assured the defendant as a party for whom he contracted, and the acceptance was not of the offer made by the assured nor did it correspond to the conversation between the insurance agent and the insured, because the conversation contemplated insurance for three years at $3.75 premium, while by the terms of the acceptance the duration of the risk was only one year for $3.75 premium. In *John R. Davis L. Co. v. Scottish U. & N. Ins. Co.* 94 Wis. 472, 69 N. W. 156, it is said:

"If the application be made to an agent representing several companies, the particular company or companies to carry the risk must be designated, with the amount each is to carry,

and each, by its agent or otherwise, must agree to take the risk; that is, must make answer to the application, accepting it, direct or otherwise, by verbal communication, or by posting such communication. Without all these elements there ·can be no binding contract." *Strohn v. Hartford F. Ins. Co.* 37 Wis. 625.

In 16 Am. & Eng. Ency. of Law (2d ed.) 849, 850, 851, many cases are collected which support the statement there found in words following:

"If the parties have not agreed on the subject of insurance, the limit and duration of the risk, the perils insured against, the amount to be paid in the event of a loss, the rate of premium, or upon any other element or term which may be peculiar to the particular contract, whatever may have been the negotiations or propositions passing between them, these have not reached the form and obligation of a subsisting contract."

In the case at bar there is no evidence that the defendant accepted the application otherwise than for a period of three years, and there is no evidence that the plaintiff received the policy or was informed of this material addition to his application or proposal or even knew the name of the company in which he claims to have been insured at any time prior to the fire loss in question. This would bring the plaintiff's claim within the rules and decisions above quoted, which harmonize with the general rules of law relating to contracts by offer and acceptance. *Russell v. Falls Mfg. Co.* 106 Wis. ·329, 82 N. W. 134; *Kreutzer v. Lynch,* 122 Wis. 474, 100 N. W. 887, and cases cited.

It follows that the judgment of the circuit court must be reversed with directions to dismiss the complaint.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to dismiss the complaint.