Hess, Respondent, vs. Holt Lumber Company, Appellant.

*November 15—December 13, 1921.*

*Contracts: Offer and acceptance: Qualified acceptance: Offer· by mail: How accepted: Withdrawal of offer by telegraph.*

1. If an acceptance of an offer to sell timber, mailed before the offer was withdrawn, was insufficient to make a valid contract, no valid contract could thereafter be made by accepting the offer.

2. An offer to sell timber having been made by post, the acceptance might be made in the same way.; and the acceptance of.the offer was complete from the moment the letter of acceptance was mailed by the offeree.

3. Where an offer to sell timber did not specify. the time, place,· or medium of payment nor the time within which the timber was to be removed, if the offer had been accepted without qualification payment should be made to the vendor at its place of business in cash; and the purchaser would have had a reasonable time within which to remove the timber.

4. But if the offer was accepted with a demand for one year's time within which to remove the timber, and the length of time within which it might have been removed in the ordinary course of business was not shown, there was such a material variation from the terms of the offer as rendered the acceptance qualified and prevented a completed contract from being created by the mailing of the letter.

Appeal from a judgment of the circuit court for Forest county: W. B. Quinlan, Circuit Judge. *Reversed.*

Specific performance. The plaintiff lives at Cavour, For-

est county, and the defendant has its principal office at Oconto, Wisconsin, and owns timber lands in Forest county. On August 28, 1919, plaintiff wrote to defendant as follows:

"About a week ago I spoke to your cruiser, Mr. Leigh, about a little bunch of stuff left on the N.E. of S.W., N.W. of S.E., sec. 19–37–16 E., which I would like to buy if I can buy it right away, as I would want to cut it before snow fell, and in order to do that I would have to get busy because men are scarce.

"Let me know at once."

In reply the defendant wrote on September 2d that the plaintiff could have the timber for $100 cash.  On September 12th the plaintiff wrote defendant:

"Send timber deed to Laona State Bank, of Laona, Wis., for $100 for what timber is left on the N.E. of the S.W. and the N.W. of the S.E. in sec. 19–37–16.

"Make same to L. C. Hess."

On September 15th the defendant wrote the plaintiff as follows:

"We notice that we made a mistake in writing you that we would sell you the timber on the N.E. S.W. and the N.W. S.E. section 19, town 37, range 16, for $100.  This should have been $150.  Kindly advise us whether you want it at that price or not.  We would not be willing to sell it for $100."

On September 17th plaintiff wrote the defendant:

"Find inclosed check for $150 for the timber on the N.E. of S.W. and the N.W. of S.E. of sec. 19–37–16 E.

"Send timber deed to me and have same made out to L. C. Hess, single man.  If this was a mistake of yours I ought not to pay this extra fifty dollars.

"Yours truly,          A. J. Hess.

"P. S.   I want one year to remove this timber."

In the afternoon of September 17th the defendant telegraphed the plaintiff at Cavour:  "Our quotation on timber in section 19 is hereby withdrawn."

It appears that the telegram was not delivered until the following day about 11 o'clock. On September 17th the defendant also wrote the plaintiff: ⁻

"We hereby withdraw our quotation of $150 for the timber on the N.W. S.E. and N.E. S.W. section 19, town 37, range 16, and we sent you a telegram to the same effect. We have concluded not to sell the timber at that price."

There was subsequent correspondence from which it appears that the reason the defendant withdrew its offer was that it had received an offer of $350 for the land. Plaintiff wrote demanding deed, which demand was refused. This action was begun to compel the defendant to convey the timber. There was judgment for the plaintiff, from which the defendant appeals.

For the appellant there was a brief by *Classon & Whitcomb* of Oconto, and oral argument by *A. J. Whitcomb.*

For the respondent the cause was submitted on the brief of *J. A. Walsh* of Crandon.

ROSENBERRY, J. The defendant claims that the court erred for the reason that the letter of September 17th did not amount to an acceptance, as there was a material variation from the terms of the offer. Considerable evidence was offered and received as to the conduct of the parties subsequent to the receipt of the letter by defendant. We regard all of this evidence as immaterial, for the reason that before the letter of acceptance was received by the defendant it had withdrawn its offer. If there was a valid, enforceable contract, it must have been made by the acceptance mailed by the plaintiff on September 17th, and if the letter did not make a valid contract, the offer having been withdrawn, none could thereafter be made. It is not disputed that the parties had made the post a means of communicating offer and acceptance. The offer having been made by post, the acceptance might be made by post. The contract, if one was made, was complete from the moment the letter was mailed

by the plaintiff to the defendant. 1 Page, Contracts (2d ed.) § 199; 13 Corp. Jur. p. 300, § 116. The offer was to sell the timber upon the land in question for $150. The time, place, and medium of payment were not specified, nor was the time within which the timber was to be removed fixed by the offer. If the offer had been accepted without qualification, payment should have been made to the vendor at its place of business in cash, and the plaintiff would have had a reasonable time within which to remove the timber. The words of acceptance were, "Find inclosed check for $150 for the timber" on the lands described and a demand for one year's time within which to remove the timber and a direction to have the deed made to L. C. Hess.

The direction as to the making of the deed to L. C. Hess may be considered as having been assented to by the defendant, it having been suggested in a prior letter and no objection having been made thereto.

No evidence was introduced or received as to the length of time within which the plaintiff might have removed the timber in the ordinary course of business. In the absence of such evidence, we are of the opinion that the demand of the plaintiff that he be given one year within which to remove the timber was such a material variation from the terms of the offer as to make it a qualified acceptance requiring something to be done on the part of the defendant; that therefore no completed contract was made by the mailing of the letter.

In *Cram v. Long,* 154 Wis. 13, 142 N. W. 267, it was held that a contract made by an agent by the terms of which the purchase price was to be paid to the agent instead of to the principal varied the terms of the offer and amounted to a qualified acceptance.

In *Northwestern Iron Co. v. Meade,* 21 Wis. 474, M. offered by letter to sell W. forty acres of land for $10 per acre, subject to two years' taxes. W. replied, agreeing to pay "what you ask—$400 and two years' taxes," and added: "If this is the best offer you can make, you may execute the

within deed, and send it to Mrs. M. at Green Bay to also sign and acknowledge, requesting her to forward it to the State Bank of Wisconsin in Milwaukee, where I will call and pay the money and receive the deed." It was held that M. would have had a right to tender his deed at W.'s place of residence, which was at Mayville; that W.'s letter having fixed a different place for the delivery of the deed and the payment of the money, it was a qualified acceptance and no contract was made.

In *Helmholz v. Greene,* 173 Wis. 306, 181 N. W. 221, where an offer was communicated by a broker to the owner and the owner accepted by telegram: "Accept nine thousand cash, purchaser to pay commission and satisfy tenant with whom I have only tentative agreement," it was held a qualified acceptance and did not create a binding contract.

In *Clark v. Burr,* 85 Wis. 649, 55 N. W. 401, A. gave an option to B. to buy certain land, after which a building upon the land burned. The defendant accepted the option and in a separate writing demanded that the insurance money on the building be paid to him or applied on the purchase price. In this case both parties claimed there was a contract. It was there said:

"The acceptance of an offer upon terms varying from those of the offer, however slight, is a rejection of the offer." Citing *National Bank v. Hall,* 101 U. S. 43, 50.

For further instances of qualified acceptance see *Shores L. Co. v. Patterson,* 98 Wis. 534, 74 N. W. 367; *Baker v. Holt,* 56 Wis. 100, 14 N. W. 8; *Turner v. McCormick,* 56 W. Va. 161, 49 S. E. 28, 107 Am. St. Rep. 904; *Russell v. Falls Mfg. Co.* 106 Wis. 329, 82 N. W. 134; 1 Page, Contracts (2d ed.) §§ 167–184.

For cases holding that an inquiry or suggestion not amounting to a condition of acceptance is not a material variation, see *Matteson v. Scofield,* 27 Wis. 671; *Kreutzer v. Lynch,* 122 Wis. 474, 100 N. W. 887; *Curtis L. & L. Co. v. Interior L. Co.* 137 Wis. 341, 118 N. W. 853.

The acceptance by tender of a check of a third party for

$150 presents an interesting question which we do not find it necessary to decide. In that connection attention is called to *State ex rel. News P. Co. v. Park,* 166 Wis. 386, 165 N. W. 289; Anno. 8 A. L. R. 1268; Anno. 11 A. L. R. 811.

From what has been said it follows that the court erred in granting specific performance, there being no valid contract.

*By the Court.*—Judgment of the circuit court reversed, and cause remanded with directions to dismiss the complaint.