Martwick and others, Respondents, vs. Selover, imp., Appellant.

*December 7, 1928—January 8, 1929.*

For the appellant there was a brief by *H. J. Blanchard* of Phillips, and oral argument by *G. W. Blanchard* of Edgerton.

*J. A. De Bardeleben* of Phillips, for the respondents.

STEVENS, J.  (1) The minds of the parties never met. The plaintiff Martwick submitted the proposition that he

would give the quitclaim deed if it was accepted in satisfaction of both the first mortgage and the judgment here in question. Defendant Selover refused to accept the deed on that condition. He made the counter proposition that he would accept the deed in satisfaction of the first mortgage alone and that its acceptance would in no way affect the judgment here in question. That counter proposition was never received by or assented to by plaintiff Martwick. After these negotiations closed the parties were left in exactly the same position which they occupied before negotiations begun.

"A mere proposal by one constitutes no bargain of itself. It can only become binding when accepted unconditionally by the other. If the accepting party affixes a condition, modification, or change not contained in the original proposal, this amounts in law to a rejection of the offer as made, and is in fact a new proposal, not effectual until assented to by the first proposer." *Kelley, Maus & Co. v. Sibley,* 137 Fed. 586, 588.

(2) Plaintiff Martwick, by transmitting the deed and accompanying offer by mail, made the postoffice his agent to return to him defendant Selover's acceptance or rejection of that offer. Had defendant Selover accepted the offer, the contract would have been complete from the moment that the letter was mailed. *Hess v. Holt L. Co.* 175 Wis. 451, 453, 185 N. W. 522. "For it is well settled in England and this country, that when a proposal for a contract is made by letter, sent by mail, the deposit of a letter of acceptance in the postoffice by the person to whom the proposal is made, addressed to the person making it, at the proper place, completes the contract, even though the latter never receives the letter accepting his offer." *Washburn v. Fletcher,* 42 Wis. 152, 166.

Defendant Selover did not accept the offer. He in effect rejected the offer by making such a material variation as to

amount to a counter proposition which required action on the part of the plaintiff Martwick before there was a completed contract. The agency of the postoffice extended no further than the duty to transmit an acceptance or rejection of the offer made. The plaintiff Martwick did not make the postoffice his agent to transmit to him any other communication that the defendant Selover might choose to send.

There is therefore no evidence that the minds of the parties ever met so as to form a mutual contract either on the terms of plaintiff Martwick's offer or of defendant Selover's counter proposition. *Russell v. Falls Mfg. Co.* 106 Wis. 329, 332, 82 N. W. 134. It follows that the judgment here in question is still in force and effect and that the quitclaim deed has never become effective to cancel either the first mortgage or the judgment.

We find no proof of conduct on the part of these parties subsequent to the execution of the quitclaim deed which establishes the fact that the minds of the parties ever met upon a contract.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint.