FARMER, Appellant, vs. PICK MANUFACTURING COMPANY, Respondent.

*January 14—February 15, 1938.*

For the appellant there was a brief by *Simester & Schowalter* of West Bend, and oral argument by *T. W. Simester* and *Henry O. Schowalter*.

For the respondent there was a brief by *O'Meara & O'Meara* of West Bend, and oral argument by *Thomas O'Meara, Jr.*

MARTIN, J. The action is upon an account in the sum of $177.12. Defendant claimed a set-off for certain dies of the value of $75 which it paid to the plaintiff, which dies plaintiff refused to return to the defendant. The trial court allowed defendant the set-off as claimed. It appears without dispute that some time prior to January 31, 1934, the plaintiff upon defendant's request submitted an offer to furnish defendant certain forgings at a designated price, and to furnish the necessary dies in connection therewith for the sum of $115. This offer was not accepted. Three or four weeks thereafter there were some further negotiations resulting in defendant's placing a written order with plaintiff for certain forgings at a designated price; also designating the sum of $75 for dies to be used in making said forgings. Plaintiff accepted this order in writing, and thereafter filled the order, rendering the defendant an invoice therefor at the price stipulated in defendant's order, including a charge for dies at $75. Defendant paid the invoice in full. Thereafter the parties had further business transactions, resulting in the account involved in this action. When the account was first rendered, defendant, having theretofore demanded the dies for which it had paid, deducted said item of $75 from the amount of plaintiff's statement, sending the plaintiff its

check for the balance. Plaintiff refused to accept the check. Plaintiff contends that defendant was not entitled to the dies, claiming that same were his property, first, by virtue of the following provision, which was on the reverse side of the original letter in which plaintiff made the quotations prior to January 31, 1934, and which were not accepted by defendant:

". . . Charges made for dies and tools do not convey the right to remove them from our factory. No charge is made for die maintenance as the first charge is the only cost to you. These dies will be held in stock for a period of five years from the date of your last order."

Upon the face of the letterhead, and at the bottom of the sheet, the following is printed in red letters:

"Note: Terms and conditions printed on the reverse side of this sheet are to be understood as constituting a part of this quotation."

Secondly, plaintiff claims that by accepted custom or trade practice the dies were to remain in his possession. There appears to be no dispute as to the plaintiff's original offer, made prior to January 31, 1934, being definitely rejected. Thereafter there was telephone communication between the parties. This was followed by a definite written order from defendant, accepted in writing by the plaintiff. Neither in defendant's order nor in the plaintiff's acceptance is there any reference to dies, other than as to the agreed price of $75 therefor. In 1 Restatement, Contracts, p. 45, § 38, it is said:

"A counter-offer by the offeree, relating to the same matter as the original offer, is a rejection of the original offer, unless the offeror in his offer, or the offeree in his counter-offer states that in spite of the counter-offer the original offer shall not be terminated." See Comment and Illustrations.

"A mere proposal by one constitutes no bargain of itself. It can only become binding when accepted unconditionally by

the other. If the accepting party affixes a condition, modification, or change not contained in the original proposal, this amounts in law to a rejection of the offer as made, and is in fact a new proposal, not effectual until assented to by the first proposer." *Martwick v. Selover,* 197 Wis. 627, 629, 222 N. W. 814; *Russell v. Falls Mfg. Co.* 106 Wis. 329, 332, 82 N. W. 134; *Morris F. Fox & Co. v. Lisman,* 208 Wis. 1, 12, 237 N. W. 267, 240 N. W. 809, 242 N. W. 679. See cases under section 38 of the Restatement of the Law of Contracts, Wisconsin Annotations.

In the instant case, the defendant's written order and the plaintiff's acceptance made the contract. There was no reservation by the plaintiff, either as to ownership or the right of possession of the dies for which defendant had paid the sum of $75. The offer and acceptance make a complete, unambiguous contract.

The plaintiff's second contention, that by accepted custom or trade practice he had the right to retain possession of the dies, presented an issue of fact for the court. *Dieck v. Oconto Co.* 173 Wis. 156, 163, 180 N. W. 932. On that issue the court found:

"The proofs failed to establish a custom or usage to the effect that dies are always regarded as being entirely under the control of the maker thereof. The plaintiff's proofs, if standing alone on this point, are not convincing."

"Proof of a particular custom or usage must be positive, clear, and satisfactory." *Lemke v. Hage,* 142 Wis. 178, 181, 125 N. W. 440.

"It is not readily adopted by courts, and the proof of such usage must be clear and explicit and the usage so well established, uniform, and so notorious that the parties must be presumed to know it, and to have contracted in reference to it." *Power v. Kane,* 5 Wis. 265, 268.

We need cite no authorities to the elementary proposition that findings of the trial court upon appeal will not be dis-

turbed unless against the great weight and clear preponderance of the evidence. On this issue the finding is sustained by the evidence.

Appellant further contends that the burden was on defendant of affirmatively showing that it was entitled to the possession of the dies or in lieu thereof to a set-off. Plaintiff invoiced the dies to defendant at $75, together with two hundred universal joint forges at $6. Defendant paid the invoice in full. Defendant's manager testified:

"It has not been the policy of our company to allow the dies to remain in the hands of die makers at all times and in the event we want the dies it is our usual procedure to request that the drop forging companies send them to us and on occasions they have been sent to us."

He further testified:

"The only reason that we deal with five or six is that we get a better price from one than we get from another. We buy where we could buy the die at the lowest cost and the forgings at the lowest cost."

The plaintiff having failed to establish any right to ownership or possession of the dies, it being conceded that defendant paid the full invoice price for same, and plaintiff having refused to deliver same upon demand, the trial court properly allowed defendant's set-off in this action.

*By the Court.*—Judgment affirmed.