## BAKER v. JOHNSON COUNTY.

1. **Contract: MUTUALITY: ASSENT.** To constitute an offer made by one party and accepted by the other a contract, the assent must comprehend the whole of the proposition offered, and not qualify its terms by any new matter.

2. —— The acceptance of an offer on terms varying from those proposed, does not create a contract.

*Appeal from Iowa Circuit Court.*

WEDNESDAY, OCTOBER 8.

THIS action is brought to recover for a balance claimed to be due for services which plaintiff alleges he rendered for the defendant as its swamp land agent, under the employment of record. The cause was tried to a jury. Verdict and judgment for plaintiff. Defendant appeals.

*Fairall, Boal & Jackson* for the appellant.

*Cornell & Bro.* for the appellee.

MILLER, J. — This suit was commenced on the 4th day of June, 1870, to recover a balance due for services rendered under an appointment of the defendant as swamp land agent of Johnson county, made by the board of supervisors at a

Baker v. Johnson County.

meeting held June 6, 1861. The case was before us on appeal at the December term, 1871, when the judgment of the court below was reversed.

For a full statement of the facts of the case, see 33 Iowa, 151.

The questions before us on the former appeal were: 1. Was the contract, which was the basis of the action, written or oral? 2. Was the action barred by the statute of limitations? It was there held that the recorded resolution of the board of supervisors, by which they determined to appoint a swamp-land agent for the county, and their subsequent action in electing the plaintiff such agent, did not constitute a contract in writing, and consequently the action was barred by the statute of limitations, as more than five years had elapsed from the time a cause of action accrued to the plaintiff before the action was commenced. The cause was remanded, and on a new trial judgment was rendered for plaintiff. The only new feature in the case is a paper offered in evidence on the last trial by plaintiff, which had not been in evidence on the former trial, and which is as follows:

" *To the Honorable Board of Supervisors of Johnson County, Iowa:*

" The undersigned would respectfully ask for the appointment of swamp-land agent of your county for the purpose of securing to said county the money scrip from the general government belonging to said county for the entire swamp lands of the county. Having had some experience in the business, and believing that if you see proper to give me the appointment, that I can secure your rights to the money and scrip for said land, I will do the business as agent at my own cost and expense for five per cent and claim nothing only what I get accepted by general government, except I will ask about one per cent of the estimated amount on the fund for disbursements, as I may want while doing said work, which amount to be deducted on settlement.

" Yours respectfully,

" WILLIAM BAKER."

The plaintiff, as a witness, stated that prior to his employment he sent the above proposition to the board of supervisors. It is not shown how it was sent, or whether received or not by the board. The board of supervisors on the 6th day of June determined, by resolution, to appoint " a suitable agent " to " take proof " as to the swamp land of the county ; also, that such agent be elected by ballot ; and, thereupon, the following resolution was adopted by the board :

" *Resolved*, That the agent elected to secure compensation for swamp lands in Johnson county from the general government be allowed in payment for such services five per cent of the money, and five per cent of the scrip thus recovered."

After the adoption of this resolution the board proceeded to an election and the plaintiff, receiving 10 votes, being a majority, was elected swamp-land agent of the county. All of these acts of the board were duly recorded.

In the opinion delivered on the former appeal in this case, it is said, by BECK, Ch. J., that " it is very plain that the recorded action of the supervisors is not, in itself, a contract, but that the acceptance and service by plaintiff, under the terms therein set out, raised a contract between the parties."

It is now insisted that the recorded action of the board of supervisors was an acceptance of the written proposition made to them by the plaintiff and taken together constitute a contract in writing ; and the circuit court so instructed the jury.

We think the instruction was erroneous. The action of the board of supervisors does not in any manner refer to the proposition or any proposition made by plaintiff, or purport to be an acceptance of an offer made by him. On the contrary, their action, as shown by the record, appears to be independent of, and unconnected with, any offer or proposition made by any person whomsoever. Again, the resolution of the board fixing the compensation of the agent to be elected differs from the terms proposed by Baker. The per centum is the same in both, but in the written proposition of plaintiff he required one per cent, or one-fifth of his compensation to be paid to him as the work progressed ; while the resolution of the board

gave no assent whatever to this requirement in Baker's offer. An offer by one party assented to by the other will generally constitute a contract, but the assent must comprehend the whole of the proposition. It must be exactly equal to its extent and terms, and must not qualify them by any new matter. A proposal to accept, or an acceptance of, an offer on terms varying from those proposed, amounts to a rejection of the offer. See *Alsberg, Jourdan & Co.* v. *Latta,* 30 Iowa, 442. See also 1 Parsons on Contracts, ch. 2, and cases cited in notes.

The action of the board was silent as to a part of the terms contained in the plaintiff's proposition, and for that reason he was not bound thereby, and hence no contract was created by these acts alone.

The action of the board of supervisors, as recorded, not being an acceptance of the written proposition made by Baker, no written contract was thereby created. Baker's acceptance of the position of swamp-land agent of the county, to which he had been elected by the board, and his service as such agent consummated the only contract between the parties. This contract was not a written one, since the action of the board of supervisors, although entered of record, did not, of itself, nor in connection with the written proposition of plaintiff, constitute a contract. The circuit court, therefore, erred in its instruction to the jury.

Since the judgment must be reversed, we need not pass upon the other assigned errors. The cause will be remanded for trial *de novo.*

Reversed.