DREUTZER vs. LAWRENCE and others.

*October 27 — November 20, 1883.*

EQUITY: VENDOR AND PURCHASER OF LAND: PLEADING: MARRIED
WOMAN. *(1) Imperfect deed a contract to convey. (2) Right to
compel conveyance may be assigned. (3) Waiver of defect of par-
ties plaintiff. (4) Contract of wife to convey lands owned jointly
with husband, enforceable. (5) Allegation of joint ownership.*

1. An instrument purporting to convey land, but which, by mistake,
   has only one witness, and is not sealed, is in equity a contract to
   convey the land described, and the consideration expressed will be
   presumed to be the true consideration for the conveyance.
2. Such a contract is assignable, and a grantee of the purchaser therein
   named may maintain an action to compel a conveyance.
3. If an action be brought by one to whom the vendee in a land con-
   tract has conveyed a portion of the land, to compel a conveyance
   thereof to him by the vendor, the objection that there is a defect
   of parties plaintiff must be taken either by demurrer or answer,.
   or it will be waived.
4. A contract by husband and wife for the sale of lands which they
   own jointly will be enforced, at law and in equity, against both.
5. An allegation of the complaint in an action to enforce such a con-
   tract that the husband and wife "were the owners of the land,"
   is sufficient to admit proof that the wife was a joint owner; and,
   on appeal from a judgment in favor of the plaintiff, this court, if
   the evidence is not before it, will presume, if necessary to support
   the judgment, that such proof was made.

APPEAL from the Circuit Court for *Door* County.

The case is thus stated by Mr. Justice TAYLOR:

"This action was brought for the purpose of canceling a
deed of conveyance of real estate made by *A. W. Lawrence*
and his wife, *Emily J. Lawrence,* to *Henry Reynolds,* and to
compel the said *Lawrence* and wife to convey the same to
the plaintiff. The grounds upon which the relief is de-
manded are as follows: On August 10, 1877, the defendants
*Lawrence* and wife, owned the lands in dispute, and on that
day, by a deed witnessed by but one witness, and not sealed,.

purported to convey the said lands, together with eighty acres of other lands, for the consideration of $150, to one Mrs. Pinney. The said deed acknowledges the receipt of $150 as the consideration for the conveyance. This deed was acknowledged, and was put upon record by Mrs. Pinney. On the same day Mrs. Pinney, for the sum of $200, conveyed the forty acres of land in dispute to O. E. Dreutzer, by warranty deed duly executed, acknowledged, and recorded. Afterwards, and before the commencement of this action, the said O. E. Dreutzer, for a valuable consideration, by deed duly executed, acknowledged, and recorded, conveyed said lands to the plaintiff, who took possession of the same, and claims title thereto. The plaintiff did not discover that the deed from *Lawrence* and wife to Mrs. Pinney was not properly executed as a deed sufficient to convey the legal title to the said premises, until April, 1882. He then demanded of *Lawrence* that he correct the said deed so far as it affected the rights of this plaintiff, and he refused to do so. The plaintiff afterwards ascertained that *Lawrence* and wife had, on the 28th of February, 1882, executed and delivered to the defendant *Henry Reynolds* their deed conveying to the said *Reynolds* the lands in dispute. The complaint then charges, upon information and belief, that the deed so executed and delivered to said *Reynolds* was without consideration, and made for the purpose of annoyance; and that said *Reynolds*, at the time said deed was executed and delivered to him, well knew, was informed, and had notice of the deed executed by said *Lawrence* and wife to the said Charity C. Pinney, and of the fact that said deed was witnessed by but one witness; and further alleges that said *Reynolds* claims some right in and to said lands, by virtue of the deed so wrongfully executed to him.

" The defendants failed to answer the complaint, and judgment was taken by default against all of them. The court finds that all the facts alleged in the complaint were proven,

and entered judgment requiring *Lawrence* and his wife to execute and deliver a sufficient quitclaim deed of the lands in dispute to the plaintiff within ten days after personal service on each of them of the judgment, and declaring the deed from said *Lawrence* and wife to the said *Reynolds* void and of no effect, and that the plaintiff recover his costs of the said defendants."

The defendants appealed from the judgment.

The cause was submitted for the appellants on the brief of *G. W. Allen*. He contended, *inter alia*, that relief was evidently sought on the ground of fraud and that the facts, therefore, constituting the fraud, should be clearly stated. Kerr on Fr. & M., 384; Story's Eq. Jur., § 694a; *Dickerman v. Bowman*, 14 Wis., 388; *Sweet v. Mitchell*, 15 id., 641; *Supervisors v. Decker*, 30 id., 624; *Riley v. Riley*, 34 id., 372; *Macloon v. Smith*, 49 id., 200; *Lavassar v. Washburne*, 50 id., 200. And both parties to the conveyance must be implicated in the fraud. *Sterling v. Ripley*, 3 Pin., 156; *Hall v. Delaplaine*, 5 Wis., 206; *Hopkins v. Langton*, 30 id., 379; *Mehlhop v. Pettibone*, 54 id., 652. A right of action arising in fraud is not assignable in law or in equity. 1 Parsons on Cont., 226; *Crocker v. Bellangee*, 6 Wis., 645; *M. & M. R'y Co. v. M. & W. R. R. Co.*, 20 id., 174; *Prosser v. Edmonds*, 1 Younge & Col., 481; *Morrison v. Deaderick*, 10 Humph., 342. The defective deed being treated as a contract to convey the land, it was nevertheless a contract which was only enforceable in favor of Mrs. Pinney and her legal representatives, and she had no right to substitute another in her place without the consent of her grantors. *Schintz v. McManamy*, 33 Wis., 299; *Diener v. Diener*, 5 id., 483. A married woman's contract to convey her own land will not be enforced, even in equity. *Haite v. Houle*, 19 Wis., 472; *Clarke v. Reins*, 12 Gratt., 98; *Weller v. Weyand*, 2 Grant's Cases (Pa.), 103.

For the respondent there was a brief by *O. E. & V. V. Dreutzer*, and oral argument by *Mr. O. E. Dreutzer*.

TAYLOR, J. No bill of exceptions was settled in the case, and the only question raised by the appellants upon this appeal is based upon the supposed insufficiency of the complaint. The appellants claim that it does not state a cause of action.

We think the complaint states a cause of action in favor of the plaintiff. The deed from *Lawrence* and wife, which was imperfectly executed, as we may presume, by mistake and not fraudulently, was, in equity, a contract to convey the lands therein described to Mrs. Pinney, and she could demand the execution of the contract at any time. The consideration had all been paid, so far as the written contract, viz., the deed, shows; and there was nothing more for Mrs. Pinney to do except to demand a proper conveyance according to the contract. Had Mrs. Pinney brought the action, there could be no doubt of her right to maintain the same upon the allegations of the complaint.

That she could assign the right of action as a whole to a third person is equally clear, and that, after such assignment and a demand for the deed by the assignee, such assignee could maintain the same, is also equally clear. It is claimed, however, that she could not by her assignment divide the cause of action into two or more causes of action in favor of different assignees. If it be admitted that this could not be done, so as to enable each assignee to bring a separate action against *Lawrence* and his wife, to compel a conveyance, they cannot take advantage of that objection in this case. The objection is not that the plaintiff has no cause of action in his favor against the defendants, but that his cause of action is a joint cause of action, either with Mrs. Pinney, if she remains the owner of the remainder of the lands agreed to be conveyed to her by *Lawrence* and wife, or, if she has assigned all her interest in the contract, then with her other assignees. The objection that there is a defect of parties plaintiff can only be taken by answer or

demurrer, and there was neither in this case.    Sec. 2654, R. S. 1878; *Hall v. Gilbert*, 31 Wis., 691–695; *Robbins v. Deverill*, 20 Wis., 142; *Kimball v. Noyes*, 17 Wis., 697; *Carney v. La C. & M. R. R. Co.*, 15 Wis., 503.

The complaint does not allege that *Lawrence* and wife fraudulently omitted to have their deed witnessed by two witnesses, or that they fraudulently omitted to seal the same, and, in the absence of any allegations of fraud in that respect, the court will presume that the omission was by mistake on the part of the grantors; or, if not a mistake, that they supposed the deed was properly executed so as to convey the legal title to the grantee named therein.    The allegations of the complaint are sufficient to show that they intended to so execute the deed as to convey the title to their grantee, Mrs. Pinney, and by reason of a mistake in the manner of its execution it failed to accomplish their purpose. But the law says the instrument, executed as it was, is in equity a contract to convey the lands described therein, for the consideration expressed, to the person or persons named as grantee therein.    *Hanson v. Michelson*, 19 Wis., 498.    In the absence of any proofs to the contrary, the consideration expressed in such imperfect deed will be presumed to be the true consideration for the conveyance.    The contract is clearly assignable, as said above, and the cases of *Crocker v. Bellangee*, 6 Wis., 645; *M. & M. R'y Co. v. M. & W. R. R. Co.*, 20 Wis., 174, have no application.    See *Bennett v. Keehn*, 57 Wis., 582.

It is objected that *Mrs. Lawrence* is a married woman, and that a court of equity will not compel a married woman to perform her written contract for the conveyance of real estate.    If it were admitted that a married woman, who has signed a written contract with her husband to convey the lands of the husband, will not be compelled by a court of equity to execute such contract so as to divest herself of her inchoate right of dower in such lands,— a proposition which

I do not think this court has ever sustained, and which I do not subscribe to,—still, this judgment should be sustained, if necessary, upon the presumption that *Mrs. Lawrence* was a joint owner with her husband of the lands in question, and consequently, under the statute which gives her full control of real estate which she owns in her own right, her contract in regard to such lands will be enforced at law and in equity as though she were unmarried. The allegation in the complaint is that "*A. W. Lawrence* and *Emily J. Lawrence,* his wife, were the owners of the lands," etc. This language is sufficiently general to admit of proof on the trial that *Mrs. Lawrence* was a joint owner of the lands in question, and if necessary to support the judgment we must presume that such proof of ownership was made on the trial. It would seem, from the statement made by the learned counsel for the appellants, that such was the fact, as he states, on page 11 of his brief, "that defendant *Mrs. Lawrence* is a married woman, and a joint owner with her husband of this land." If she was such joint owner, then it is clear she could bind herself by a written contract to convey the same. We find no errors in the record.

*By the Court.*—The judgment of the circuit court is affirmed.