Clark vs. Burr.

CLARK, Respondent, vs. BURR, Appellant.

*May 8 — May 23, 1893.*

*Contracts: Offer and acceptance: Sale of land: Jurisdiction.*

1. The acceptance of an offer upon terms varying from those of the offer does not make a contract.
2. Plaintiff gave defendant an option to buy certain land at a certain price. After a building upon the land had burned, defendant accepted the option, but at the same time and as part of the same transaction, though by a separate writing, demanded that the insurance money on said building be paid to him or applied upon the purchase price. Plaintiff refused to convey on that condition, but offered to convey the property as it then stood upon payment of the full price. Defendant refused to accept that offer. Afterwards, having discharged a mortgage on the land by applying said insurance money thereon, plaintiff tendered a deed to defendant upon payment of the full price, but the defendant refused to accept

it on those terms. *Held*, that there was no completed contract for the sale of the land.

3. Although both parties in such case claim that there was a completed contract,— plaintiff claiming to recover the full purchase price, and defendant counterclaiming for a conveyance,— the court cannot take cognizance of the case on that theory.

APPEAL from the Circuit Court for *Portage* County.

Action to recover the sum of $23,500 and interest, alleged to be due upon a contract for the sale of certain land to the defendant, *Burr*. The answer contains, among other things, a counterclaim for the conveyance of said land by the plaintiff to the defendant. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff for the amount demanded in the complaint.

The defendant, *Burr*, had also brought a separate action to compel the plaintiff to convey the said land to him, and appealed from a judgment against him therein.

For the appellant there was a brief signed by *Cate, Jones & Sanborn*, attorneys, and *Gabe Bouck*, of counsel, and a separate brief signed by *Mr. Bouck* only, and the cause was argued orally by *G. W. Cate* and *Mr. Bouck*.

*Edward S. Bragg*, for the respondent.

The following opinion was filed May 23, 1893:

ORTON, J. On the 3d of January, 1891, the respondent, *Clark*, signed, sealed, and delivered to the appellant, *Burr*, the following agreement or option:

"Witnesseth, that for and in consideration of the sum of one dollar paid by the said second party [*Burr*] to said first party [*Clark*], receipt whereof is hereby acknowledged, said first party does hereby agree to sell, transfer, and convey to said second party, by a good and sufficient deed of warranty, free and clear of all liens and incumbrances of any nature whatever, at any time within nine months from this date, upon the payment to said first party by said sec-

ond party of the sum of twenty-three thousand and five hundred dollars ($23,500) cash, the following real estate situated and being in the city of Stevens Point, county of Portage, and state of Wisconsin, to wit: [Here follows a long description of the property by metes and bounds, lying on the Wisconsin river, and a dam across the river, with its appurtenances, rights, and privileges, the piers and booms in the river, the said mill thereunto belonging, and tools, machinery, rights, and franchises thereunto belonging, with reservations of the property belonging to the Jackson Milling Company, known as the 'North Star Mills,' and the right of way of a railroad company.] It is hereby agreed and understood that the said second party shall have the exclusive right to purchase the above-described property upon the terms hereinbefore mentioned, at any time within nine months from this date.

"[Signed]                    Owen Clark. [Seal.]"

It is alleged in the complaint that the appellant, *Burr*, made a written acceptance of this option or proposal, and unconditionally, on the 7th day of July, 1891, and that on the 3d day of September, 1891, the respondent (the plaint-iff) tendered and offered to the appellant (the defendant) a warranty deed of the premises, in accordance with the terms of the aforesaid contract, with the usual covenants as to title, possession, and against incumbrances, duly exe-cuted, witnessed, and acknowledged by the plaintiff and his wife, and at the same time demanded the said sum of $23,500, the consideration therefor, and the defendant re-fused to pay the same.

The answer of the defendant, *Burr*, states substantially the following facts: (1) There was another action pending in the same court between the same parties and for the same cause of action. (2) The option or proposal was made as alleged. (3) There was a sawmill on the premises, with

all the necessary tools and machinery, of the value of $12,000, when said option was given, and the same were insured for the sum of $9,500. (4) On the 25th day of May, 1891, the said mill, tools, and machinery were destroyed by fire while the same were still insured, and the plaintiff received said insurance money. (5) On the same day the defendant accepted the said option or proposal, and as a part of the same transaction he served upon the plaintiff a demand in writing for the deed according to said offer, and for said insurance money in lieu of the part of said property so destroyed by fire, which he had received, and claimed that said insurance money should be credited upon the said $23,500 or deducted therefrom, and that he was ready and willing to pay the said consideration, less said $9,500, and is still ready; and he then and there tendered the same to the plaintiff, *Clark*, and the plaintiff refused to receive the same, and refused to deed the premises on said condition, but offered to deed the premises, as they then were, to the defendant, on his payment in full of the said $23,500, and the defendant refused to accept said offer. The defendant demands that the plaintiff convey said premises to him upon the payment of said consideration, less said insurance money, or upon the payment of the whole of said consideration, and the plaintiff be required to pay over to him said insurance money.

The matters of this answer were set up in the complaint in the other action pending, by the defendant, *Burr*, against the plaintiff, *Clark*, and the issues and findings are the same in both actions, and the two appeals were heard together. In the other action *Burr*, the defendant here, as the plaintiff, demands the specific performance of the contract as modified by said condition of acceptance, and in this action the plaintiff, *Clark*, demands judgment for the whole of $23,500 on a tender of the deed of the prem-

ises as they now are, and obtained judgment accordingly. In the other action the court rendered judgment against the plaintiff, *Burr.*

Among other findings of the above facts the circuit court found "that all of said transactions were had at one and the same interview between said parties on the 9th day of July." These transactions are found immediately above, and are the written acceptance of the offer, and the written demand of the defendant, *Burr,* to have the said $9,500 insurance money credited on or deducted from the said $23,500, the consideration of the offer. They being one and the same transaction, and such we understand to be the above finding, there was no unconditional acceptance of the option or offer made by the plaintiff, *Clark.* The acceptance was conditional upon the deduction of the insurance money from the consideration of $23,500, and an offer to pay the balance. The finding is supported by the evidence. It is certain that the defendant never offered to pay to the plaintiff the whole of the $23,500 for the property as it then was. The defendant alleges in his answer that the written acceptance and the written demand for said deduction were made at the same time. The plaintiff does not pretend, that on the 9th day of July, when he claims that the defendant made an unconditional written acceptance of his offer, he then offered to convey, or that he was ready to convey, the premises to the defendant. There was a mortgage on the property and he afterwards paid and discharged it by applying on it said insurance money, which was payable to the mortgagee. Then, and not until then, was he ready to make the deed, and on the 2d day of September, 1891, he first tendered the deed to the defendant on his payment of the whole $23,500; and the defendant refused to accept the deed on that condition, and refused to pay the money. This was virtually a re-

newal of the proposal of January 3, 1891, and a refusal to accept it.

The facts and the findings of the court clearly show that there never has been a contract of the parties for the purchase of the property. The minds of the parties have never met upon the subject. The condition of the property had materially changed after the option was given, and the so-called "acceptance" of it was burdened with a condition suitable to such changed condition of it. The defendant refused to accept the option, and proposed to buy the property for the same price, deducting the insurance, and the plaintiff refused to sell on this condition, or to accept the defendant's proposal. After the plaintiff was able to make the deed, he renewed the first proposition, and the defendant refused to accept it. And so the matter stands, and such were the conclusion and end of the whole transaction, and neither party is bound by any completed contract.

A *contract* of purchase is the first necessity of an action for specific performance or for the purchase money, and there is no contract. The court cannot advise the parties what they had better do under the circumstances. It has no such jurisdiction. The parties must come before the court with a contract to be enforced, or to recover damages for its breach. The position of the respondent before this court is that there was a completed contract upon the ·acceptance of the offer, and that of the appellant is that there was a completed contract in some way, and that in equity he is entitled to have the deduction of the insurance money made from the $23,500 consideration. But we cannot take cognizance of the case upon such a voluntary and mutual submission of it, against the facts and finding of the court.

The acceptance, by letter, of a proposal by letter to sell

land at a certain price, with direction to deliver the deed and pay the money otherwise than directly to the party, was held no acceptance. *N. W. Iron Co. v. Meade*, 21 Wis. 474. In the recent case of *Wilkin Mfg. Co. v. H. M. Loud & Sons L. Co.* 94 Mich. 158, the acceptance of a proposal by letter changed its terms very slightly, and it was held that the minds of the parties had never met and there was no contract. This was so held by the supreme court in a case where both parties proceeded to enforce the contract, and the judgment was consistent only with there being a contract, as in this case. " If the acceptance is not the exact thing offered, or if it is accompanied by any conditions, qualifications, or reservations, however slight, in time or otherwise, no contract is made." Bish. Cont. §§ 321–323; *Eskridge v. Glover*, 26 Am. Dec. 348, and note; *Wardell v. Williams*, 62 Mich. 50. B. telegraphed to A. an offer to sell him a large quantity of coal at a certain price. A. telegraphed to B.: " You consider the coal sold. Will be in Cleveland and arrange particulars next week." It was held not to be a completed contract. *Martin v. N. W. Fuel Co.* 22 Fed. Rep. 506. An acceptance of an offer to sell land, " provided the title is 'good," does not make a binding contract. *Corcoran v. White*, 117 Ill. 118. The acceptance of an offer upon terms varying from those of the offer, however slight, is a rejection of the offer. *Nat. Bank v. Hall*, 101 U. S. 43–50; *Baker v. Johnson Co.* 37 Iowa, 186; *Cartmel v. Newton*, 79 Ind. 1–8.

The acceptance in this case is accompanied by a demand widely and essentially different from the offer, suited to the changed condition of the property, and for deduction of nearly half of the consideration. It is not an acceptance, but a new proposal or offer by the defendant, which is also rejected by the plaintiff. The law in such a case is too well settled and apparent to require the citation of more authorities.

*By the Court.*— The judgment of the circuit court in the case of *Burr v. Clark* is affirmed, and the judgment in the case of *Clark v. Burr*, in which this opinion is filed, is reversed, and the cause remanded with direction to dismiss the complaint.

A motion by the appellant, *Burr*, for a rehearing in the case of *Burr v. Clark*, was denied September 26, 1893.