KREUTZER, Respondent, vs. LYNCH and another, Appellants.

*September 8—September 27, 1904.*

*Contracts: Acceptance of offer: Vendor and purchaser of land:*
*Specific performance: Waiver of tender: Option assignable:*
*Signature by one partner: Agency: Statute of frauds.*

1. An offer must be accepted in its exact terms in order that a
   contract should arise thereon, and any attempt to impose
   new conditions or terms in the acceptance, however slight,
   will ordinarily deprive it of any efficacy.

2. A letter categorically accepting an offer to sell land contained
   also a request that the deed and abstract of title be forwarded
   to a certain bank, to be inspected by the purchaser and, if
   the title was found perfect, to be delivered to him on payment
   of the purchase price. In an action to compel specific per-
   formance by the vendors, there was a finding, supported by
   evidence of conversation and correspondence between the par-
   ties, that such request was intended by the purchaser and
   understood by the vendors simply as a suggestion and request
   and not as a condition of acceptance. *Held*, that the acceptance
   was sufficient.

3. Where the vendors repudiated an executory contract for the sale
   of land and notified the purchaser that no conveyance would
   be made for the agreed price, no formal tender of such price
   and demand for a deed was necessary to enable the purchaser
   to maintain an action for specific performance.

4. An option in writing to purchase land within a certain time for
   a certain price creates an interest in the land and is assignable.

5. Land owned by partners was held for sale by one of them under
   an agreement authorizing him to exercise entire management
   and control. He gave a written option for its purchase, signed
   only by himself, informing the purchaser that he acted in the
   matter for himself and his copartner; and such copartner, with
   knowledge of the giving of such option, acquiesced therein.
   *Held*, that the partner signing was the agent of the other, and,
   although his authority was by parol, his signature, in effect on
   behalf of both, was sufficient under the statute of frauds to
   create a contract binding on both.

APPEAL from a judgment of the circuit court for Iron
county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

The two defendants being owners in common of certain
lands in Iron county, of which there was no record title, the

defendant *Lynch,* as a result of certain correspondence, and upon the receipt of $1 as consideration therefor, on May 21, 1902, sent to George P. Taplin, of Wausau, a letter granting an option for thirty days to purchase said lands for $6,000. On the faith of that option Taplin and the plaintiff, *Kreutzer,* incurred considerable expense in an inspection of the lands, and on June 13th Taplin made a written assignment to the plaintiff of said option. About June 6th both Taplin and *Kreutzer* had certain parol negotiations with *Lynch,* in which they attempted to obtain a lower price, but unsuccessfully. On June 17th the plaintiff wrote the defendant the following letter:

"Wausau, Wis., June 17, 1902.
*"Dr. D. W. Lynch, West Bend, Wis.*—

"DEAR SIR: Your option, dated May 21st, 1902, to George B. Taplin of the following described lands, to-wit: All of section 16, and the NE of the NE, the SE of the SW and the S. ½ of the SE of 17, all in township 44–4, and by Taplin assigned to *A. L. Kreutzer,* is hereby accepted. Please forward deed and abstract of title to the National German American Bank of Wausau, Wis., with instructions to the bank to let us inspect the papers, and if the title is found perfect, to deliver to us on payment of $6,000.00. Make deed to Marathon Land & Mortgage Co.

"Very respectfully, A. L. KREUTZER."

*Lynch,* after first denying that he had ever offered the lands for $6,000, and after being supplied with copies of his previous letters, on July 16th reported a refusal on the part of his partner to sell for $6,000, and unqualifiedly refused to do anything except to pay expenses of inspecting the land; whereupon the plaintiff commenced this action to compel specific performance.

The court found that a partnership existed between the defendants for the management and sale of these lands, and that *Lynch* was the partner intrusted with the entire management and control; that the above-quoted letter of June 17th was a categorical acceptance of the previous option, and that

the portion thereof requesting sending of deed, abstract, etc., was neither intended by the plaintiff nor understood by the defendant as a qualification of such acceptance, but merely as a suggestion of a convenient method of closing the trade made by reason of a suggestion in conversation that it might be closed by correspondence; whereupon judgment requiring specific performance by a conveyance of the premises by both defendants upon the payment of $6,000 to them was entered, from which the defendants appeal.

*P. O'Meara,* attorney, and *S. S. Barney,* of counsel, for the appellants.

For the respondent there was a brief by *Kreutzer, Bird & Rosenberry,* and oral·argument by *C. B. Bird.*

DODGE, J. The pivotal question arises upon the construction of *Mr. Kreutzer's* letter of June 17th. Is it a complete and categorical acceptance of the offer of the land at $6,000? Or is the last clause to be read as a condition or qualification of the acceptance, so that it attempted to import new terms not specified in the offer? Of course, the law is well settled and not materially disputed between the parties. An offer must be accepted in its exact terms in order that a contract should arise thereon, and any attempt to impose new conditions or terms in the acceptance, however slight, will ordinarily deprive it of any efficacy. *Clark v. Burr,* 85 Wis. 649, 55 N. W. 401; *Russell v. Falls Mfg. Co.* 106 Wis. 329, 82 N. W. 134. Letters bearing close similarity to that here presented received consideration in *Northwestern I. Co. v. Meade,* 21 Wis. 474; *Matteson v. Scofield,* 27 Wis. 671; and *Baker v. Holt,* 56 Wis. 100, 14 N. W. 8. In the first and third of these the direction as to sending deed and method of closing the transfer was considered as a qualification of the acceptance; while in *Matteson v. Scofield* it was held to constitute a mere suggestion or request, which did not qualify the direct and categorical acceptance contained elsewhere in.

the letter.    Each of the letters so considered was marked by
some slight differentiation from that in the present case; but
these varying views of court at least serve to establish that
such a letter is not necessarily clear or certain in its signifi-
cance, but may contain a measure of ambiguity.    In both
*Matteson v. Scofield* and *Baker v. Holt* it is held that such
ambiguity might be resolved by extrinsic facts surrounding
the transaction and by the conduct of the parties.    In the
present case there was evidence of conversation between the
parties which might have served as an invitation to *Mr.
Kreutzer* to suggest a method of closing the transaction by
mail—the defendant *Lynch* having suggested to him that that
might be done.    Again, correspondence between and conduct
of the parties after the sending of the letter of June 17th was
offered as significant upon the meaning of this letter and the
understanding of it by *Mr. Lynch.*    Upon this evidence the
trial court has found that the request for transmission of the
deed and abstract to a bank at Wausau was intended by *Mr.
Kreutzer* and was understood by the defendants simply as
a suggestion and request, and not as a condition of acceptance.
There being extrinsic evidence admissible upon this subject,
with no clear and overwhelming preponderance to the con-
trary, the finding of the court must conclude us on this ques-
tion.   *Chicago, St. P., M. & O. R. Co. v. C., M. & St. P. R.
Co.* 113 Wis. 161, 170, 87 N. W. 1085, 89 N. W. 180.    Thus
the situation is brought clearly and directly within the rule
of law announced in *Matteson v. Scofield,* and we must hold
that by the letter of June 17th *Lynch's* offer was accepted ac-
cording to its exact terms and without qualification, and there-
by a mutual executory contract for the sale and purchase of
the land arose.    *Peterson v. Chase,* 115 Wis. 239, 91 N. W.
687.

The appellant further contends that, even if the foregoing
conclusion be reached, still plaintiff would have no right to
maintain action without a formal tender to the defendants of

the purchase price, accompanied by demand for a deed. This condition of recovery under ordinary circumstances seems to be well supported by *Northwestern I. Co. v. Meade, supra,* and *Sizer v. Clark,* 116 Wis. 534, 542, 93 N. W. 539. If nothing else had occurred, doubtless it was the right of the defendants to wait until such a tender and demand were made before they could be held to have broken their contract to sell. But it is also a fundamental principle governing most human affairs that conduct on the part of one justifying belief in the other that certain action on his part would be futile constitutes a waiver of such action. *Potter v. Taggart,* 54 Wis. 395, 11 N. W. 678; *Gauche v. Milbrath,* 94 Wis. 674, 69 N. W. 999; *Matthews v. Capital F. Ins. Co.* 115 Wis. 272, 275, 91 N. W. 675; *Jones v. Valentines' School, ante,* p. 318, 99 N. W. 1043. It fully appears in this case that the defendant *Lynch,* without waiting for such tender, denied the existence of any contract, and notified the plaintiff that no conveyance of the land would be made for $6,000; and this of itself constituted a repudiation and breach of the contract, and waived the tender of the purchase price as a step necessary to the placing of defendants in default. Plaintiff was thereby fully informed that, if he presented himself at *Lynch's* residence at West Bend and tendered the $6,000, it would be vain.

Appellant raises the further question whether this option so created an interest in land as to be assignable, and supports the negative by several citations from other jurisdictions, but seems to concede that the affirmative has the support of the Wisconsin authorities. We agree with the latter view, and deem those authorities conclusive upon the question. *Dreutzer v. Lawrence,* 58 Wis. 594, 17 N. W. 423; *Telford v. Frost,* 76 Wis. 172, 44 N. W. 835; *Wall v. M., St. P. & S. S. M. R. Co.* 86 Wis. 57, 56 N. W. 367; *Maxon v. Gates,* 112 Wis. 196, 88 N. W. 54; *Sizer v. Clark,* 116 Wis. 534, 93 N. W. 539.

The next objection to the judgment urged by appellants is that the agreement was never signed by the defendant *Mary E. Kelly,* and therefore, under the statute of frauds, could not constitute a binding contract on her to convey, which could be specifically enforced as against her interest. But the court has found that she and the defendant *Lynch* held said land for sale under an agreement of copartnership, which authorized *Lynch* to exercise entire management and control, and that she was informed of the giving of this option and acquiesced therein, and that *Lynch* informed plaintiff before the acceptance of the option that he acted in the matter on behalf of himself and his copartner. From these facts no conclusion is possible save that *Lynch* was the duly authorized agent for the defendant *Mary E. Kelly* to manage the business of selling this land owned by them jointly, and that his signature to the offer was, in effect, on behalf of himself personally and of his copartner. That he might thus bind her by a contract in writing satisfying the statute of frauds, although his own authority as agent may have been by parol, is fully established in this state. *Brown v. Griswold,* 109 Wis. 275, 85 N. W. 363.

No other arguments are advanced which, upon the facts, require consideration. We are convinced of the correctness of the trial court's conclusion that a binding contract for sale of this real estate was made, and that under all the circumstances a decree for specific performance might properly be made within its judicial discretion.

*By the Court.*—Judgment affirmed.