FOSTER IMPLEMENT COMPANY V. E. DELAFIELD SMITH.

Opinion filed March 5, 1908.

**Pleading — Vendor and Purchaser — Offer of Performance.**

1. A complaint, in an action by a vendee against a vendor to recover damages for the breach of an executory contract for the sale of real property, is sufficient, if it alleges a specific written agreement whereby the defendant promised to sell, and the plaintiff promised to purchase, certain described real property upon specified terms alleged in the complaint, and that within a reasonable time thereafter (no specific date having been agreed upon for performance) plaintiff offered full performance of the contract on its part according to its terms, alleging readiness, ability and willingness to perform, and that defendant at the time of such offer refused, and at all times since has refused to perform said contract on his part.

**Appeal and Error — Objection Abandoned.**

2. Assignments of error not argued in the appellant's brief are deemed abandoned under rule 14 of this court (91 N. W. viii), and hence will not be considered.

**Pleading — Demurrer — Effect.**

3. By his demurrer to the complaint defendant admitted the truth of all the facts well pleaded therein, one of which facts was his refusal to perform the contract on his part upon offer of full performance by plaintiff. Such refusal placed defendant in default.

**Vendor and Purchaser — Tender.**

4. An offer of performance in good faith by plaintiff, pursuant to the contract, with the present ability and willingness to perform, was sufficient, without an actual production of the money and notes called for by the contract. A tender of the money and notes as distinguished from a mere offer to deliver the same was not required as a basis for a cause of action for breach of the contract, especially in view of defendant's unqualified refusal to perform.

Appeal from District Court, Foster County; *Burke*, J.

Action by the Foster County Implement Company against E. Delafield Smith. Judgment for plaintiff, and defendant appeals. Affirmed.

*Maddux & Rinker*, for appellant.

*T. F. McCue* and *Turner & Wright*, for respondent.

FISK, J. This is an appeal from a judgment of the district court of Foster county in plaintiff's favor. The principal errors assigned relate to the sufficiency of the complaint, which is as follows: "Plaintiff, for its amended complaint, herein complains and alleges: (1) The plaintiff is and during all of the times mentioned in this complaint has been a corporation duly organized and existing under the laws of this state. (2) That on or about the 24th day of September, 1906, the plaintiff and the defendant entered into a written

contract by the terms of which the plaintiff agreed to buy, and the defendant agreed to sell to this plaintiff, the following described real property situated in the county of Foster and state of North Dakota, to-wit: The east one-half (E. ½), section three (3), the northwest quarter (N. W. ¼) of section eleven (11), and the south-west quarter (S. W. ¼) of section two (2), all in township one hundred forty-seven (147), north of range sixty-four (64), west of the fifth principal meridian, containing 640 acres, according to United States survey thereof. That by the terms of said contract the price agreed upon for said land was $16.50 per acre, to be paid as follows: Cash on delivery of warranty deed $2,500. That the plaintiff was to assume the mortgage indebtedness at said time standing against said land, and to pay the balance of the purchase price in two equal payments, to be due, respectively, on November 1, 1907, and November 1, 1908, with interest at the rate of 7 per cent. per annum payable annually. (3) That at the time of entering into said contract this plaintiff paid to the defendant the sum of $100 as part of the purchase price thereof, which said sum the defendant received, and has ever since retained. (4) That thereafter and within a reasonable time this plaintiff offered to the defendant to perform the said contract on its part and to pay to the defendant the balance of the initial payment, $2,500, and to execute the notes and mortgages for the deferred payments as provided in said contract, and demanded of the defendant the performance of said contract on his part, and that he convey said premises to this plaintiff, subject to the incumbrance as in said contract provided. That defendant at said time refused, and has at all times since failed and refused, to perform the condition of said contract on his part to be performed, although the plaintiff has at all times been, and now is, ready, able, and willing to perform the conditions of said contract on its part to be performed. (5) That said property was at the time of the breach of said contract, as herein alleged, and now is, of the reasonable value of $25 per acre, or $16,000, and plaintiff has been damaged by reason of the defendant's failure to perform in the sum of $5,540. Wherefore plaintiff prays judgment against the defendant in the sum of $5,540, with interest thereon at the rate of 7 per cent. from September 24, 1906, and for the costs and disbursements of this action."

To this complaint defendant demurred upon the ground that the same fails to state facts sufficient to constitute a cause of action. Thereafter the following written stipulation was entered into be-

tween counsel for the respective parties, to wit: "It is hereby stipulated by and between the attorneys for the above-entitled parties that the demurrer served shall be submitted to the court at Carrington on the 11th day of March, and that, if said demurrer shall be overruled, the defendant shall have two days to answer, and, if the demurrer is sustained, the plaintiff shall have two days in which to serve an amended complaint. It is further stipulated that said case shall be placed upon the calendar for the special term of said court commencing on the 11th day of March. Dated this 5th day of February, 1907. T. F. McCue, Attorney for plaintiff. Maddux & Rinker, Attorneys for Defendant." On March 11th said demurrer was argued and submitted, and an order made overruling the same and permitting defendant to answer within three days on condition that the case be tried at the special term of said court commencing on said date. On March 19th the case, being on the calendar, was reached for trial, and the defendant having failed or declined to answer the complaint, and not appearing in court in person or by counsel, a jury was waived by plaintiff, and proof was introduced in support of the allegations of the complaint, and judgment ordered as prayed for; findings of fact having been expressly waived by plaintiff's counsel. Pursuant to such order, the judgment complained of was entered.

The only assignments of error which are discussed in appellant's brief relate to the sufficiency of the complaint to state facts constituting a cause of action; hence the other assignments are deemed to have been abandoned under rule 14 of this court (91 N. W. viii), and will not be noticed. Does the complaint allege facts sufficient to constitute a cause of action? Its sufficiency is challenged by appellant's counsel for the reasons, as stated by them, that it fails to allege: (1) That defendant had an interest or equity in the property sold. (2) That the defendant represented that he had an interest in said property, title, or possession, or expectation, or possibility, or could secure title, and that plaintiff believed and relied upon such representations. (3) It fails to allege fraud, deceit, or mistake on the part of defendant. (4) It fails to allege that defendant is not in position to convey good title. (5) It does not allege a tender by plaintiff of the $2,500 cash to be paid on delivery of the deed. (6) It fails to allege the drawing and signing the notes and mortgages with the requirements of a sealed instrument, and the tender thereof to the defendant. (7) It fails to allege the date of offer to perform to show a reasonable time for defendant to per-

fect title and present deed.   (8) No specific date for payment of the $2,500 or for delivery of the deed is alleged.   (9) It alleges contract made September 12, 1906, and action begun October 29, 1906, with no date for payment of $2,500 or delivery of deed, and affirmatively shows action premature.   (10) It affirmatively shows that $2,500 was to be paid on tender of deed, and at no other time.   (11) The complaint also fails to allege whether mortgages were to be on personal property, or on real, or both, and fails to describe the property to be mortgaged to defendant.   We have considered the foregoing reasons urged against the sufficiency of the complaint, and are obliged to overrule them all.   The complaint was apparently drafted with considerable care, and is a model both of brevity and accurateness.   It alleges a mutual executory contract entered into between the parties, by which the plaintiff agreed to purchase, and the defendant agreed to sell, the real property described upon certain specified terms, the amount paid thereon and plaintiff's offer, and its readiness, ability, and willingness to comply with the terms of said contract on its part to be performed, also defendant's refusal to do so, together with an allegation of the damages sustained by plaintiff on account of such breach.   We are utterly unable to perceive what more could properly be alleged.   The contention that the complaint should have alleged that defendant had an interest or equity in the property, or represented that he had such an interest, and that plaintiff relied thereon, is clearly frivolous.   The fact that he assumed to sell the land by entering into the written contract is all that it was necessary to allege in this respect.   The next contention is equally frivolous.   Why plaintiff should allege fraud, deceit, or mistake on defendant's part in entering into the contract or in refusing to comply therewith we cannot understand, and appellant's counsel do not attempt in their brief to enlighten us on this point. Plaintiff's cause of action is grounded upon an alleged breach of contract, not upon a tort.

As to the next contention, all we desire to say is that, if defendant was not in a position to convey good title, it was his fault.   Such fact was no part of plaintiff's cause of action.   Whether defendant was or was not in a position to live up to the contract he had solemnly entered into was immaterial.   If he was not, he must suffer the consequences; if he was, but refused, he is in a like predicament.

The next reason given relates to the failure to allege a tender by plaintiff of the $2,500 cash payment and the notes and mortgages

called for by the contract. It is appellant's contention that before any cause of action could accrue in plaintiff's favor for a breach of the contract to convey it was obligatory upon plaintiff to tender to defendant the cash payment and the notes and mortgages properly executed. In this we cannot assent. The complaint alleges that within a reasonable time after the making of the contract plaintiff offered to perform by paying said sum of $2,500 and by executing the notes and mortgages, and that it "has at all times since been, and now is, ready, able and willing to perform the conditions of said contract on its part to be performed;" that defendant has at all times refused to perform on his part. We think an offer of performance was all that was requisite. Arnett v. Smith, 11 N. D. 63, 88 N. W. 1037, is relied on as holding that a tender as distinguished from a mere offer of performance was necessary to create a cause of action. Certain language used by Judge Young in the opinion, standing alone, lends force to such contention, but a perusal of the entire opinion clearly discloses that no such rule was intended to be enunciated. In that case the question here presented was not raised nor discussed. Plaintiff, who was vendee in an executory contract for the purchase of certain real property, claimed that there had been a mutual rescission of the contract, and that there was an account stated in plaintiff's favor upon such rescission as to moneys paid under the contract, which constituted the basis of plaintiff's cause of action. Defendant denied such rescission, and sought to compel specific performance of the contract. The court held in defendant's favor on both issues, and in the opinion also held that under the facts plaintiff did not have the right to rescind the contract, because he had not tendered performance on his part by depositing, as the contract provided, the sum of $2,500 in the National Bank of Pontiac, Ill., and executing the notes and mortgage called for by the contract. The opinion then says: "Had the plaintiff brought an action to recover the $500 paid by him to the defendant, basing his cause of action upon the alleged default of defendant, his complaint would not have stated a cause of action in the absence of an averment of full performance or *offer of performance* on his part." The words italicized by us clearly show that all that the court in that case held or intended to hold was that full performance or offer of performance was essential to a rescission, and such, no doubt, is the law. In that case neither a tender nor offer of performance was made. No point was made that either

would not have answered. We think appellant's contention in this behalf is fully answered by the provisions of our Civil Code relating to performance of obligations. See sections 5244 to 5268, Rev. Codes 1905. Section 5255 reads: "The thing to be delivered, if any, need not in any case be actually produced upon an offer of performance unless the offer is accepted." In any event we are satisfied that defendant's unqualified refusal, as alleged in the complaint, to comply with the contract, would exonerate plaintiff from the necessity of actually producing the cash payment and the notes and mortgage. Defendant's unqualified refusal constituted a waiver of an actual tender, even if required by law. Such refusal also constituted a breach of the contract. As said in Kreutzer v. Lynch, 122 Wis. 474, 100 N. W. 887: "It fully appears in this case that the defendant, Lynch, without waiting for such tender, denied the existence of any contract, and notified the plaintiff that no conveyance of the land would be made for $6,000; and this of itself constituted a repudiation and breach of the contract, and waived the tender of the purchase price as a step necessary to the placing of the defendant in default. Plaintiff was thereby fully informed that, if he presented himself at Lynch's residence at West Bend and tendered the $6,000, it would be in vain."

Another reason assigned why the complaint fails to state a cause of action is that it does not disclose that defendant had had a reasonable time between the making of the contract and the commencement of the action in which to perfect title and furnish deed. The contract was made on September 24th, and the action was not commenced until about October 29th, and surely this was a reasonable time. Furthermore, if defendant desired to rely upon any such ground for refusal, he should have pleaded the same. By the demurrer he admits an unqualified refusal to convey. No claim is made that the title was not perfect, or that defendant could not at any time have conveyed a good title.

The next contention is that the complaint fails to allege a specific date for the payment of the $2,500 and the delivery of the deed. There is nothing in this contention. The complaint alleges that this sum was to be paid on delivery of deed. No time having been agreed upon for the doing of the acts, the law fixed a reasonable time. The complaint was clearly sufficient in this respect. What we have here said applies equally to the next two grounds urged.

The last reason given why the demurrer should have been sustained is wholly without merit. The complaint alleges that plaintiff offered to perform the conditions of the contract on its part by paying the $2,500 and executing the notes and mortgages for the deferred payments, "as provided in said contract." This was amply sufficient.

This disposes of the assignments of error which are in any way discussed by appellant in his brief. We find no error in the record, and the judgment appealed from is accordingly affirmed. All concur.