## McFARLANE v. WADHAMS.

### (Circuit Court, E. D. Wisconsin. October 1, 1908.)

1. GUARANTY (§ 6*)—EXCEPTIONS.

    During correspondence relating to the purchase of mining machinery by a corporation, plaintiff inquired how the corporation would like to make payments, and stated he would prefer to have defendant or another become personally responsible. Defendant replied that the corporation had paid for another mill within two or three weeks after it was in opera-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion, and stated that he would personally guarantee payment by the corporation. In answer to this, plaintiff replied that the time was too long, and requested payment of $1,000 on receipt by defendant of invoice and bill of lading. *Held*, that such letter was not a complete and precise adoption of the proposition contained in the guaranty, and was therefore not an acceptance thereof.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 8; Dec. Dig. § 6.*]

2. GUARANTY (§ 6*)—ACCEPTANCE—NECESSITY.

Where a guaranty was made at the request of the guarantee, its delivery to and for the latter's use completed the communication, and constituted a contract without further acceptance.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 8; Dec. Dig. § 6.*]

3. GUARANTY (§ 12*)—DELIVERY—DEPOSIT IN POST OFFICE.

Where plaintiff requested defendant to guarantee the obligation of a corporation, the delivery of a letter of guaranty was complete when it was deposited in the post office by defendant for transmission to plaintiff through the mails.

[Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 12.*]

4. GUARANTY (§ 2*)—WHAT LAW GOVERNS.

Where defendant executed in Milwaukee a guaranty of the debt of a corporation to plaintiff in Colorado, and deposited the guaranty in the mails for transmission to plaintiff, it was a Wisconsin contract and governed by the laws of that state.

[Ed. Note.—For other cases, see Guaranty, Dec. Dig. § 2.*]

5. FRAUDS, STATUTE OF (§ 108*)—GUARANTY—CONSIDERATION.

Under the Wisconsin statute of frauds, a written guaranty in which no consideration was expressed was void.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. § 216; Dec. Dig. § 108.*

Sufficiency of expression of consideration in memorandum within statute, see note to Choate v. Hoogstraat, 46 C. C. A. 183.]

6. PLEADING (§ 36*)—CONCLUSIVENESS OF ALLEGATION ON PLEADER.

Where plaintiff proceeded against defendant as guarantor on the theory that a corporation was the principal contractor, he could not on demurrer claim that defendant was in fact primarily liable.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 81; Dec. Dig. § 36.*]

## At Law.

This is a general demurrer to the complaint in an action at law. The complaint, after suitable averments showing diverse citizenship, is as follows:

"Second. That at the times hereinafter mentioned the said plaintiff was engaged in business at said Central City, in the state of Colorado, in the manufacture of mining and milling machinery, doing business as a sole trader under the name and style of McFarlane & Co.

"Third. That this plaintiff is informed and verily believes, prior to the 1st day of May, 1906, and at all of the other times hereinafter mentioned, a corporation known as the Milwaukee Leasing Company, of which the said defendant, E. A. Wadhams, was the principal stockholder, was engaged in the mining business at Milford, in the state of Utah, and at and prior to the said 1st day of May, 1906, and at all the times hereinafter mentioned, one S. A. Tarbet was general superintendent of said Milwaukee Leasing Company, and the said defendant, Wadhams, was one of the principal officers of said Milwaukee Leasing Company. That said Milwaukee Leasing Company, through its superintendent, Tarbet, prior to the 5th day of May, 1906, requested this plaintiff to quote a price for the furnishing of the ironwork for a certain stamp-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

mill proposed to be erected by the said Milwaukee Leasing Company at Milford, in the state of Utah. And this plaintiff alleges that on the 5th day of May, 1906, by a letter bearing date that day, this plaintiff made to the said Tarbet, as superintendent of the said Milwaukee Leasing Company, a proposition to supply the ironwork for a 20-stamp, long-drop Gilpin County type mill, at a cost of $2,930 f. o. b. cars at the city of Denver, in the state of Colorado."

The complaint then sets out the following correspondence out of which the contract arises:

"Received at Central City, Colo.
"No. 6 Hf. Mc, 9 Paid.

"Milwaukee, Wis., 14th 06.
"McFarlane & Co., Central City, Colo..
    "Commence work on Stamp Mill as per specifications.
                                            "E. A. Wadhams,
                                                "4.35 p. m."
            "Milwaukee Leasing Company.

"McFarlane & Co., Central City, Colo.        "Milwaukee, Wis., 5/14/06.

    "Gentlemen: I wired to-day to commence work on the stamp mills. This refers to the twenty stamps according to the specifications sent Mr. Tarbet.
Yours truly,                                 E. A. Wadhams."

"Mr. S. A. Tarbet, Milford, Utah.            "May 17, 1906.

    "Dear Sir: We received on the 14th a telegram from Mr. E. A. Wadhams to commence work on mill, which we immediately did. Today we got Mr. Wadhams' letter confirming the telegram and we are now hard at work filling the order and hope to ship within the specified time. In a few days we will have foundation plans ready for mailing to you.

    "In regard to payments, there has been nothing said thus far about that part of it, and I ask you to kindly write me and state how you would like to meet them. We would prefer to have some one man of your company, yourself or Mr. Wadhams, to become personally responsible. We ask this because we do not know anything about your organization or Co. but we await your letter of advice in regard to this before saying anything to Mr. Wadhams.
Very truly yours,                            McFarlane & Co."

            "Wadhams Oil Company.

"McFarlane & Co., Central City, Colo.        "Milwaukee, Wis., 5/26/06.

    "Gentlemen: I am in receipt of your letter of May 17th to Mr. Tarbet, at Milford. I note your remarks in regard to payment. The mill we purchased of the Power Mining Mach'y Co., we paid for some few weeks after the mill was in operation, i. e., two or three. We imagine that payments in that time for your mill would be satisfactory  I will say that I will personally guarantee the payment of this bill by the Milwaukee Leasing Company

    "Trusting this will be satisfactory and that you will make as early shipment as possible, I remain, Yours truly,        E. A. Wadhams."

"Mr. E. A. Wadhams, Milwaukee, Wisconsin.    "May 28, 1906.

    "Dear Sir: We have yours of the 26th inst. in regard to the payments of your 20 stamp mill for Milford, we will say in reply that we note that you will personally guarantee the payments, on contract, and we thank you for that favor, but we think the time you require is too long as it may take from two to three months to erect the mill ready to run after it is on the ground. We do not object seriously to your proposition but we think we are entitled to one thousand dollars on account on receipt by you of invoice and bill of lading showing whole shipment. Trusting you may see your way clear to pay us that $1000 at that time, we are, Very truly yours,     McFarlane & Co."

    "Eighth. This plaintiff further alleges that thereafter, and pursuant to the orders so given by the said defendant, Wadhams, and the guaranty so made by him, this plaintiff did manufacture the ironwork for the stampmill hereinbe-

fore mentioned, and duly delivered the same to the Milwaukee Leasing Company as provided in and by its proposition for the manufacture thereof. And this plaintiff further alleges that thereafter, and on or about the 1st day of July, 1906, this plaintiff sent to the said defendant, Wadhams, an invoice or bill for said sum of $2,930, the contract price of said stampmill machinery. That thereafter the said defendant, Wadhams, under date of July 14, 1906, wrote to this plaintiff acknowledging receipt of plaintiff's letter of July 1st, in which was inclosed said bill or invoice, and, among other things, states: "I received a letter from Mr. Tarbet saying the mill has arrived and apparently all right. As soon as he checks up will either send you some money on account or send you paper you can use, possibly both;' and thereafter, and upon the 12th day of September 1906, the said defendant, Wadhams, wrote to this plaintiff inclosing a check or draft for $475, being $430 on account of the purchase price of said stampmill machinery, and $45 interest, and two notes signed by said Milwaukee Leasing Company, and each of which was indorsed by the said defendant, Wadhams, one of said notes being for $1,000 for three months, and one for $1,500 for four months.

"Ninth. And this plaintiff further alleges that thereafter and from time to time, at the request and for the accommodation of said defendant, Wadhams, said notes were from time to time renewed, the last renewal of the $1,500 note being under date of January 15, 1907, and the last renewal of the $1,000 note being under date of March 15, 1907; that neither of said notes has been paid; that both of said notes are in the possession of said plaintiff, and this plaintiff avers that he is ready to bring the same to court for delivery to the said defendant, Wadhams.

"Tenth. This plaintiff further alleges that no part of said purchase price of said machinery of $2,930 has ever been paid, except the sum of $430 hereinbefore specified, and interest upon $1,500 down to the 15th day of January, 1907, and upon $1,000 down to the 15th day of March, 1907; and that there is now due and owing to this plaintiff for and on account of the purchase price of said stampmill machinery, the sum of $2,500, with interest on $1,500 from the 15th day of January, 1907, and on $1,000 from the 15th day of March, 1907; that payment thereof has been demanded from the said Milwaukee Leasing Company and from said E. A. Wadhams personally, and has been refused."

Prayer for judgment against Wadhams for appropriate amount.

Bloodgood, Kemper & Bloodgood, for plaintiff.
Marshutz & Burnham, for defendant.

QUARLES, District Judge (after stating the facts as above). It appears that the plaintiff having sent to the Milwaukee Leasing Company proposals and specifications to construct a mill for a definite price for delivery by a certain time f. o. b. Denver, and Wadhams having, presumably on behalf of the corporation, accepted the proposal by his telegram and letter, a complete contract had been concluded thereby. In the absence of any stipulation as to time of payment, the contract price would be payable on delivery of the mill. Thereupon plaintiff, under date of May 17, 1906, notified Tarbet, the superintendent of the corporation, that he had commenced work on the order and hoped to complete same within the contract period. In the same letter plaintiff inquires how the corporation would like to make payments, as nothing has been agreed; states that he would prefer to have Tarbet or Wadhams become personally responsible. This was practically a request for a modification of the original contract by inserting specific terms of payment. Mr. Wadhams intimates in reply that, when the company bought a mill of another contractor, payment two or three weeks after the mill was in operation was deemed satisfactory, and that the same rule ought to be satisfactory. In the next

sentence he says: "I will say that I will personally guarantee the payment of this bill by the Milwaukee Leasing Company." Thus it will appear that the guaranty is based upon and coupled with certain terms of payment suggested by him. Instead of accepting this proposition in its entirety, the plaintiff in his reply annexed another and different condition, namely, that he ought to have $1,000 in cash when the invoice of the completed machinery was transmitted.

The law seems to be well settled that an acceptance to be available must be a complete and precise adoption of the proposition, without change or variation. The leading federal case is Eliason v. Henshaw, 4 Wheat. 226, 4 L. Ed. 556; which has been followed in Carr v. Duval, 14 Pet. 77, 10 L. Ed. 361; Ins. Co. v. Young, 23 Wall. 106, 23 L. Ed. 152; Tilley v. County, 103 U S. 155, 161, 26 L. Ed. 374. See, also: N. W. Ins. Co. v. Mead, 21 Wis 474, 94 Am. Dec. 557; Baker v. Holt, 56 Wis. 100, 14 N. W. 8; Clark v. Burr, 85 Wis. 649, 55 N. W. 401; Mygatt v. Tarbell, 85 Wis. 457, 55 N. W. 1031; Salomon v. Webster, 4 Colo. 353; Gowing v. Knowles, 118 Mass. 232; Harlow v. Curtis, 121 Mass. 320; Baker v. County, 37 Iowa, 186. Therefore, if the guaranty required acceptance to make it a binding contract, the letter of the plaintiff falls far short of the legal requirements.

It appears from the correspondence incorporated in the complaint that plaintiff had suggested that he wished a personal guaranty of the contract price from defendant, or from Tarbet, the superintendent of the contracting corporation. Therefore the proposition emanated from the plaintiff, and compliance by either of the persons named would amount to an acceptance and a meeting of the minds of the parties, which is essential to the consummation of the contract. No further action on the part of the plaintiff would be required. In Davis v. Wells, 104 U. S. 159, 166, 26 L. Ed. 686, it is held:

"If the guaranty is made at the request of the guarantee, it then becomes the answer of the guarantor to a proposal made to him, and its delivery to or for the use of the guarantee completes the communication between them and constitutes a contract."

The same doctrine is adhered to in Davis Co. v. Richards, 115 U. S. 527, 6 Sup. Ct. 173, 29 L. Ed. 480. See, also: Bank v. Goldstein, 86 Mo. App. 519; Nelson Company v. Shreve, 94 Mo. App. 523, 68 S. W. 376.

The delivery of the guaranty was complete when the same was deposited in the post office in Milwaukee by defendant. Tayloe v. Ins. Co., 9 How. 390, 13 L. Ed. 187; Patrick v. Bowman, 149 U. S. 411, 13 Sup. Ct. 866, 37 L. Ed. 790. This guaranty, therefore, having been executed in Milwaukee, became a Wisconsin contract. It is elementary that every written contract must be interpreted and construed by the lex loci contractus. By the terms of the Wisconsin statute of frauds, the guaranty was absolutely void because no consideration was expressed therein. We are therefore relieved from the delicate duty of determining the sufficiency of this guaranty under the peculiar phraseology of the Colorado statute, which has not been definitely construed by the court of last resort in that state.

The contention urged upon us by plaintiff's counsel, that defendant was in fact the primary contractor, is not open to the plaintiff in this case. He has by his complaint chosen the corporation as the principal contractor, and has proceeded against Wadhams as guarantor. Such a change of front cannot be tolerated. Under the present record plaintiff must establish the liability of defendant as a guarantor, or he must fail in his action.

Several other points were argued by counsel in their elaborate and able briefs, which it is unnecessary to consider in view of the conclusions which we have reached.

It results that the demurrer to the complaint must be sustained, and judgment be rendered dismissing the complaint, with costs, unless by the November rule day the plaintiff amend his complaint, if so advised.